JUSTICE HASSELL
delivered the opinion of the Court.
In this appeal of a judgment entered in a personal injury action, we consider whether a plaintiff, who received a jury verdict for the exact amount of her medical and other special damages, is entitled to a new trial.
Candace L. Bowers filed her motion for judgment against Barbara A. Sprouse, seeking compensation for injuries she received in an automobile accident. Before trial, Sprouse admitted liability, and the case was tried before a jury on the issue of damages only.
The plaintiff adduced the following evidence. The plaintiff, who was driving her car, stopped and “was just waiting for traffic to move” when she noticed the defendant’s car. The defendant’s car collided into the rear of the plaintiff’s car. Upon impact, the plaintiff was “flung forward and the seatbelt grabbed [her] and yanked [her] backwards.”
The plaintiff immediately felt pain, and she was taken to a hospital. She was treated at the hospital’s emergency room and was released that same day. The plaintiff was treated by her family physician two or three days after the accident, and he referred her to Dr. John M. Simpson, an orthopedic surgeon. The plaintiff introduced in evidence, without objection, a “Statement of Damages” in the amount of $2,479.85. Dr. Simpson testified that the plaintiff had experienced lower back pain as a result of a prior accident, and that her injury was exacerbated as a result of her accident with the defendant.
The defendant vigorously cross-examined the plaintiff about her injuries. For example, the defendant elicited on cross-examination that: the plaintiff had complained of lower back pain after she was injured in a prior accident; the plaintiff did not recall an incident in January 1989 which required her to seek treatment from a physician *430 for lower back pain; the plaintiff did not recall an incident in 1990 when she fell down some steps and injured her back; and the plaintiff did not remember an incident in 1993 when she injured her back while “line dancing.”
The jury considered the evidence and returned a verdict in favor of the plaintiff for the exact amount of her medical expenses and special damages. The trial court denied the plaintiff’s motion to set aside the verdict and entered a judgment confirming the jury’s verdict. The plaintiff appeals.
In Rome v. Kelly Springfield Tire Co., 217 Va. 943, 234 S.E.2d 277 (1977), we considered whether a trial court erred in failing to set aside a jury verdict which was for the exact amount of the plaintiff’s lost wages and medical expenses. We stated:
“The verdict of the jury fixed [the plaintiff’s] damages at . . . the exact amount of [the plaintiff’s] lost wages and medical expenses to the date of trial as shown by the uncontroverted evidence. The trial court’s damage instruction set forth seven elements of damage which the jury should have considered in fixing its award. The jury’s award appears to represent only two of those seven elements. Substantial evidence was introduced in support of the other elements of damage mentioned in the instruction, viz., past and future physical pain and mental anguish, disfigurement and deformity, past and future inconvenience, future medical expenses, and the effect of such injuries upon [the plaintiff’s] health. The verdict is therefore inadequate and invalid as a matter of law because it demonstrates the jury has disregarded the instruction on damages. Obviously, the jury has failed to take into consideration all of the proper elements of damages to which the plaintiff was entitled under the evidence.”
Id. at 948, 234 S.E.2d 281.
Both the plaintiff and defendant cite Rome in support of their respective positions.[2] Essentially, the plaintiff argues that the trial court erred by failing to set aside the jury’s verdict and award her a new trial because, she says, the jury’s award is inadequate as a mat *431 ter of law. The plaintiff contends that Rome is controlling because the jury awarded her the exact amount of her damages, and the defendant did not present any testimony which contradicted the plaintiff’s evidence of damages. The defendant responds that the plaintiff’s evidence of special damages was contested throughout the trial, that a reasonable jury could have believed that the plaintiff exaggerated the extent of her injuries, and that it was highly unlikely that the plaintiff’s injuries resulted from a minor traffic accident.
We are of opinion that the jury’s verdict for the exact amount of the plaintiff’s medical and special damages is inadequate as a matter of law. The jury’s verdict for the exact amount of the plaintiff’s medical expenses and special damages indicates that although the jury found the plaintiff was injured and had incurred special damages, the jury, for whatever reason, failed to compensate her for any other items of damage. Certainly, at a minimum, this plaintiff experienced pain, suffering, and inconvenience as a result of the defendant’s negligence and was entitled to compensation for these elements of damage.[3]
Therefore, we hold that a jury award in a personal injury action which compensates a plaintiff for the exact amount of the plaintiff’s medical expenses and other special damages is inadequate as a matter of law, irrespective of whether those damages were controverted.
Accordingly, we will reverse the judgment of the trial court and award the plaintiff a new trial on the issue of damages only.

Reversed and remanded.

 The plaintiff and the defendant cite other authorities which, they say, support their respective positions. Because of our view of this case, we decline to undertake an exhaustive discussion of those authorities. Moreover, we have discussed most of those authorities in DeWald v. King, 233 Va. 140, 354 S.E.2d 60 (1987).

 The jury was instructed as follows:
“INSTRUCTION NO. 7
You must find your verdict for the plaintiff, and in determining the damages to which she is entitled, you may consider any of the following which you believe by the greater weight of the evidence was caused by the negligence of the defendant:
(1) any bodily injuries she sustained and their effect on her health according to their degree and probable duration;
(2) any physical pain and mental anguish she suffered in the past;
(3) any disfigurement or deformity and any associated humiliation or embarrassment;
(4) any inconvenience caused in the past;
(5) any medical expenses incurred in the past;
(6) any earnings she lost because she was unable to work at her calling;
Your verdict should be for such sum as will fully and fairly compensate the plaintiff for the damages sustained as a result of the defendant’s negligence.”