# CIRCUIT COURT OF FAIRFAX COUNTY

Carol M. Holles,
Adm'x of the Estate of
Rosemary Louise Braband

v.

Sunrise Terrace, Inc.

December 11, 1997

Case No. L152579

BY JUDGE LESLIE M. ALDEN

This matter came before the Court upon each party's Motion to Set Aside the Verdict and upon the defendant's Motion to Strike the Evidence as to Count II which the Court took under advisement at the trial. Plaintiff seeks to set aside the verdict on three grounds: (1) the negligence damages awarded were inadequate; (2) Sunrise admitted that it violated the contract with Fairfax County and therefore a verdict should be directed; and (3) as a matter of law, the jury should have been instructed that Ms. Braband was an intended beneficiary of the contract. Sunrise seeks to set aside the verdict on two grounds: (1) Sunrise had no notice of imminent harm to Ms. Braband; and (2) the duty owed by Sunrise was limited by its contract with Fairfax County.

The question presented by the defendant's Motion to Strike Count II is whether Sunrise Terrace, Inc., owed a common law duty of care to Rosemary Braband, in addition to any duty it may have assumed pursuant to its contract with Fairfax County.

For the reasons set forth herein, the Court finds that any duty owed by Sunrise Terrace, Inc., to Rosemary Braband was defined solely by the contractual provisions, and Defendants' Motions to Strike the Evidence and to

Set Aside the Verdict on Count II are granted. In all other respects, the motions are denied.

## Background

In September, 1997, a four-day jury trial was held on the Motion for Judgment filed by plaintiff, Carol M. Holles, the Administratrix for the Estate of Rosemary Louise Braband, against defendant Sunrise Terrace, Inc. ("Sunrise").[1] Ms. Braband lived in an apartment in the Lincolnia Senior Center ("Center"), an adult senior residence owned by Fairfax County. The Center consisted of independent living apartments on the third floor, assisted living apartments on the second floor, and various areas on the ground floor used by the residents and others for dining, recreational, and other functions.

When she moved into the Center in 1990, Ms. Braband signed a lease with Fairfax County which defined the rights and obligations of both the tenant and the owner. The evidence showed that, under a separate arrangement, Sunrise contracted with Fairfax County to perform certain functions and services at the Center; for these services, Sunrise was paid directly by Fairfax County. On May 25, 1994, Byron Pooler, a local neighborhood resident unaffiliated with the Center, surreptitiously entered the facility and Ms. Braband's third floor apartment and raped and robbed her.

The plaintiff sought to recover damages from the defendant on two counts alleged in the Amended Motion for Judgment: Count I, breach of the Sunrise-Fairfax County contract based upon a third party beneficiary theory and, Count II, negligence of Sunrise in providing security. The jury found for Sunrise on Count I; however, the jury found for Ms. Braband on Count II and assessed damages in the amount of $388.50.[2] After the trial, each party filed a Motion to Set Aside the Verdict.

---

[1] The case was originally filed by Rosemary Braband against several defendants; however, the trial proceeded against only one defendant, Sunrise Terrace, Inc. Subsequent to the filing of this action, Ms. Braband died due to causes unrelated to the claims in the lawsuit. Carol M. Holles continued this action as the administratrix of Ms. Braband's estate. Fairfax County was not named as a defendant in this case.

[2] Under principles recently set forth in *Bowers v. Spouse*, 254 Va. 428 (1997), the jury's award of damages in the exact amount of plaintiff's medical expenses was inadequate as a matter of law. However, in light of the ruling herein regarding the submission of the negligence claim to the jury, plaintiff's argument on this issue is moot.

*Sunrise's Duty of Care to Ms. Braband*

The Court took under advisement the issue of Sunrise's duty of care to Ms. Braband and whether Sunrise owed any common law duty of care in addition to any duty it may have assumed by its contract with Fairfax County. Traditionally, a landlord does not owe a duty to protect a tenant from a criminal act of a third person. *Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 157 (1974). Indeed, Virginia has rejected the contention that the landlord-tenant relation imposes a duty upon a landlord to act as the police or to protect a tenant from a criminal act by a third party. *Klingbeil Management Group Co. v. Vito*, 233 Va. 445, 447 (1987).

In refusing to impose such a duty on a landlord, Virginia has examined and applied the rule that a person may owe a duty to control the conduct of a third person in order to prevent physical harm to another if a "special relationship" exists giving rise to a right of protection. *See Restatement of Torts 2d*, § 315 (1965), and *Gulf Reston* at 158. If such a special relationship exists, then one may owe a duty to protect another from criminal acts of third parties which can be reasonably foreseen or anticipated. *See Gulf Reston, Inc.*, at 158, where the Court discusses the rule generally and in the common carrier context. Standing alone, the landlord/tenant relationship does not create a "special relationship" giving rise to a duty to protect another from criminal acts of third parties. *Klingbeil Management Group Co.* at 448.

However, here, the relationship between Fairfax County and Ms. Braband was not a typical landlord-tenant relationship. Fairfax County operates this residential facility for the elderly and infirm, a class of persons who may be unable to protect themselves and who may reside in the Center for the purpose, and with the expectation, of obtaining certain services. Arguably, the relationship between this class of persons and Fairfax County could give rise to the "special relationship" necessary to trigger a common law duty of care to protect against foreseeable criminal actions of third parties. *See also, Restatement of Torts 2d*, § 314(A)(4), which describes a duty arising when one assumes the custody of another under circumstances such as to deprive the other of the normal opportunities for protection. In determining whether a duty exists, a court should examine the likelihood of injury, the magnitude of the burden of guarding against it, and the consequences of placing that burden on the defendant. *Wright v. Webb*, 234 Va. 527, 531 (1987); Sunrise relies on *Commercial Distributors, Inc. v. Blankenship*, 240 Va. 382 (1990), for the proposition that Sun-

rise had no duty to protect Ms. Braband under the facts in this case. However, Sunrise's interpretation of *Commercial Distributors* is too broad for two reasons: (1) the facts are substantially different in these two cases and (2) the Court's primary holding in *Commercial Distributors* was that no duty of care exists when the residents are *absent* from the home's premises.

In any event, no such "special relationship" exists between Ms. Braband and Sunrise. In this case, Sunrise was neither the owner of the property, nor Ms. Braband's landlord; Sunrise was merely a provider of services to the Center pursuant to the terms of its contract with Fairfax County. Indeed, this indirect nature of the relationship between Sunrise and Ms. Braband was the basis for plaintiff's third-party beneficiary allegations in Count I of the motion for judgment.[3] To the extent Virginia law recognizes a relationship between these parties, it is governed by the scope of the duties contained in the contract between Sunrise and Fairfax County. Although it might have required Sunrise to perform *any* duty it had to protect residents of the Center, Fairfax County did not include such a requirement in its contract with Sunrise.[4] As the jury determined from the evidence presented that the contractual obligations had not been breached, Sunrise is not liable to Ms. Braband.

### Conclusion

The Court concludes that Sunrise's duty to Ms. Braband, if any, was governed by the contractual provisions and not by the common law of negligence. Accordingly, the motion to strike Count II ought to have been granted, and the motion to set aside the verdict on Count II is granted. With respect to all other issues raised, the Motions to Set Aside the Verdict are denied.

---

[3] A plaintiff may state a claim for damages as a third party beneficiary against a company which has breached a contract to provide security services to a landlord. *Wooldridge v. Echelon Service Co.*, 243 Va. 458 (1992).

[4] Although the jury was not instructed that it must find Ms. Braband to be an intended beneficiary of the contract, as plaintiff complains, it appears that the jury did so find. The jury annotated the issues instruction, Instruction 1, by writing the word "yes" next to the question, "was Rosemary Braband a third party beneficiary?" Nevertheless, the jury found for Sunrise on the contract count. Thus, the jury concluded that the evidence was insufficient to find that Sunrise had failed in its obligations to perform the contract. These questions of fact were properly before the jury, and the Court will not substitute its own judgment for that of the jury.

*Final Order*

This matter came to be heard on October 24, 1997, upon Defendant's Motion to Strike the Evidence and the Motions to Set Aside the Verdict filed by Plaintiff and Defendant.

It appearing to the Court that for the reasons set forth in the Court's letter opinion dated December 11, 1997, and incorporated herein, Plaintiff's Motion to Set Aside the Verdict should be denied; Defendant's Motion to Strike the Evidence and Motion to Set Aside the Verdict as to Count II should be granted; and Defendant's Motion to Set Aside the Verdict in all other respects should be denied, it is ordered that Plaintiff's Motion to Set Aside the Verdict is denied; Defendant's Motion to Strike the Evidence and Motion to Set Aside the Verdict as to Count II is granted; and Defendant's Motion to Set Aside the Verdict in all other respects is denied.

It is further ordered that the verdict of the jury with respect to Count II shall be set aside and this matter shall be removed from the Court's docket.