## CIRCUIT COURT OF FAIRFAX COUNTY

Jose Gonzalez

v.

Mohammed S. Qureshi

January 9, 1998

Case No. (Law) 152290

BY JUDGE LESLIE M. ALDEN

This matter came before the Court upon Plaintiff's Motion for Additur or New Trial. The question presented by Plaintiff's motion is whether the jury's verdict for the Plaintiff in the amount of $183.25 is inadequate as a matter of law. For the reasons set forth herein, the Court finds that the verdict of the jury is not inadequate, and the Motion for Additur or New Trial is denied.

### Background

The evidence showed that on October 29, 1992, Plaintiff Jose Gonzalez and Defendant Mohammed S. Qureshi were involved in an automobile accident whereby Mr. Qureshi's vehicle struck Mr. Gonzalez' vehicle from behind. After the accident, Mr. Gonzalez went to the emergency room and later incurred medical bills to treat an injury he claimed was caused by the accident. Mr. Gonzalez did not produce any expert testimony regarding these injuries. Mr. Qureshi substantially contradicted Mr. Gonzalez on the issue of liability and challenged Mr. Gonzalez on the nature and extent of his injuries. At the close of the trial, the jury returned a verdict for Mr. Gonzalez in the amount of $183.25, the exact amount of his bill from the emergency room, denying recovery for a medical bill, a lost wage claim, and other damage. Mr. Gonzalez filed a Motion for Additur or New Trial on the basis that the jury verdict was inadequate as a matter of law.

*Is the Jury's Verdict Inadequate as a Matter of Law?*

Mr. Gonzalez argues that the jury verdict of $183.25 was inadequate as a matter of law because he presented uncontroverted evidence at trial regarding property damage to his vehicle, additional medical bills, pain and suffering, and lost time from work that resulted after the accident. Mr. Gonzalez asserts that he is entitled to additur as a matter of law pursuant to the rule established by the Virginia Supreme Court in *Bowers v. Sprouse* as the jury found that he was injured and had incurred damages.

The verdict of a jury may be set aside by a trial court upon the ground that it is contrary to the evidence or without evidence to support it. Va. Code Ann. § 8.01-430 (1992). However, if there is a conflict in the testimony or if reasonable people may differ in their conclusions of fact, the trial court may not substitute its judgment for that of the jury. *Lane v. Scott*, 220 Va. 578, 581 (1979). Further, the trial court may set aside the verdict of the jury if it finds as a matter of law that the damages awarded by the jury are inadequate. Va. Code Ann. § 8.01-383.1(B) (1997). Recently, the Virginia Supreme Court held that when a jury returns a verdict for the exact amount of the plaintiff's medical and special damages, that verdict is inadequate as a matter of law. *Bowers v. Sprouse*, 254 Va. 428 (1997). A jury verdict for the exact amount of special damages indicates that the jury found the plaintiff to be injured; however, the verdict failed to compensate the plaintiff for any other items of damage, such as pain and suffering or inconvenience. *Id.*

The Court finds that *Bowers* is not controlling in this matter because the jury verdict in this case was not for the exact amount of medical and special damages claimed by Mr. Gonzalez. The verdict was in the amount of Mr. Gonzalez' emergency room treatment. It is the Court's opinion that the jury concluded that Mr. Gonzalez had not suffered injury as a result of this accident. While the jury found that Mr. Gonzalez was entitled to be compensated for his visit to the emergency room to ensure that he was not injured, he was not entitled to an award for any subsequent medical treatment or other damages because he was not injured in the collision.

In addition, the Court disagrees with Mr. Gonzalez' assertion that he presented uncontroverted testimony as to his damages. His testimony contained several inconsistencies, and reasonable persons could differ as to both the fact and extent of damages actually suffered as a result of this accident. As such, the Court does not find the verdict to be contrary to the evidence or without evidence to support it, and the Court is unwilling to substitute its judgment for that of the jury.

*Conclusion*

The Court finds that the jury verdict in the amount of $183.25 was not inadequate as a matter of law. Further, the verdict was neither contrary to the evidence nor without evidence to support it. As such, Mr. Gonzalez' Motion for Additur or New Trial is hereby denied, and an Order so providing shall be entered on this date.