# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Jorine Mills

v.

Timothy K. Eppley

January 20, 1998

Case No. (Law) CL96-1988

BY JUDGE FREDERICK B. LOWE

Plaintiff brought an action at law for damages arising out of a motor vehicle accident, which occurred on December 23, 1995. The jury returned a verdict in favor of plaintiff and awarded her damages in the amount of $5,500.00, which was $22.00 above the amount claimed by plaintiff for medical expenses (special damages). The plaintiff has moved to set aside the verdict, or alternatively, for additur. The court took the matter under advisement, and both parties filed briefs. For the reasons set forth below, this court denies plaintiff's motion to set aside the verdict or, alternatively, for additur.

Plaintiff states in her motion that the jury's verdict amounts to "basically the exact amount" of her medical damages, providing no award, or a very minimal award, for "the combined effect of bodily injuries, physical pain, and mental anguish and inconvenience" — elements which had been set forth for consideration in the jury instructions. The plaintiff argues that the jury disregarded these instructions and that the amount of the award is inadequate as a matter of law. The plaintiff cites the following cases in support of her position: *Rome v. Kelly Springfield*, 217 Va. 243 (1977); *Bunch v. Thurl* (1994) (unpublished decision); *Wooden v. Doan*, 42 Va. Cir. 202 (1997); and *Bowers v. Sprouse*, 254 Va. 428 (1997).

The four cases that plaintiff cites in support of her position all address the same issue: whether a jury verdict for the *exact* amount of plaintiff's medical and special damages was inadequate as a matter of law. In the recent *Bowers* case, the Supreme Court established that if a jury's verdict is

for the *exact* amount of the plaintiff's medical and special damages, it is inadequate as a matter of law. The case at bar is distinguishable because the amount of the verdict was not for the exact amount of special damages, rather, as the plaintiff admits in her motion, the jury's verdict was for "basically the exact amount" of plaintiff's medical damages.

In an attempt to bring her case in line with *Bowers*, the plaintiff suggests in her brief that the jury may have intended to compensate the plaintiff for the exact amount of her medical damages but "apparently miscalculated" in trying to add an additional doctor's bill (mentioned in oral testimony) to the total amount of special damages. Instead of adding the $32.00 amount of the doctor's bill, plaintiff asserts that the jury mistakenly added $22.00, which resulted in the final verdict figure. There is no reason to assume and nothing that requires the conclusion that the jury made this miscalculation or that it intended to award the plaintiff her exact amount of medical expenses. Defendant is correct that such a determination would require inappropriate speculation by this court. The verdict here is in an amount greater than, *not* equal to, the amount of special damages claimed by the plaintiff at trial; thus, the case at hand does not meet the criteria set out in *Bowers*. Therefore, this court evaluates the inadequacy of the verdict in the present case based on general principles regarding inadequate jury verdicts and the Supreme Court's analysis in the seminal case on this issue. *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987). In the *Bowers* dissent, Justice Lacy expressed this idea that "[e]ven if juries are instructed that they may not return a verdict in the exact amount of the special damages . . . juries will continue to return verdicts in amount close to the amount of special damages. The rule announced by the majority, by its terms, will not apply to these close, but not identical, jury verdicts, and trial courts will continue to resolve claims of inadequate verdicts by applying the traditional principles as set out in *Bradner*."

In Virginia, it is a recognized principle that:

> the verdict of a jury in personal injury cases will not be set aside as inadequate or excessive unless it is made to appear that the jury has been actuated by prejudice, partiality or corruption, or that it has been misled by some mistaken view of the merits of the case . . . . Each case must be considered on its own merits and in view of the peculiar facts of the case. If the amount of the verdict returned bears no rational relation to the damages suggested by the facts of the case and is manifestly out of line and at variance with the facts, courts must exercise control in the interest of fairness.

*Glass v. David Pender Grocery Co.*, 174 Va. 196, 201, 5 S.E.2d 478, 480-81 (1939). "We have long held that where an impartial jury properly instructed has determined the issue of damages in a personal injury case, the verdict should not be disturbed if it is supported by a logical interpretation of the factual issues." *Doe v. West*, 222 Va. 440, 445 (1981) (citing *Raisovich v. Giddings*, 214 Va. 485 (1975)).

In *Bradner*, the court distinguished between two lines of cases that address the adequacy of a jury verdict where the amount of the award appeared to only compensate for special damages and not other damages. In cases such as *Glass* and *Rome*, the jury verdicts were found to be inadequate as a matter of law and were set aside, not because of the proximity between the amount of the verdict and the special damages claimed, but because the plaintiff's evidence of special damages was uncontroverted and complete and, therefore, could not rationally be ignored. *Bradner* at 487. On the other hand, jury verdicts should not be set aside as inadequate where the plaintiff's evidence of special damages was "controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or some other cause." *Id.*, 362 S.E.2d at 720-21.

The case at bar presents the kind of controverted and disputed facts found in cases such as *Brown v. Huddleston*, 213 Va. 146 (1972); *May v. Leach*, 220 Va. 472 (1979); and *Doe v. West*, 222 Va. 440 (1981), where jury verdicts were upheld. In such cases:

> a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

*Bradner* at 487-88 (citing *Brown, May,* and *Doe*). "Because the court cannot determine what amount was awarded for other proven damages . . . the verdict cannot be held to be inadequate as a matter of law." *Bowers* (dissent), citing *Bradner*, at 487-88, 362 S.E.2d at 721. Controverted facts in the present case include the chiropractor's testimony that the plaintiff had complained of neck pain and reported a lower back injury prior to the accident and that the plaintiff waited until twenty-five days after the accident before seeking follow-up care. Counsel for the defendant disputed at

trial both the necessity of the plaintiff's treatment and its causal connection to the subject accident. The defendant correctly points out that the jury could have reasonably concluded that the plaintiff was not injured as badly as she claimed as a result of the accident and that some of the claimed medical expenses were not made reasonably necessary by the defendant's negligence. Because of the controverted nature of the evidence in this case, the court can only speculate as to which damages the jury included when arriving at its verdict. Such speculation would be an inappropriate basis for setting aside a jury verdict that was rendered after appropriate instruction or for awarding additur. The plaintiff's motion to set aside the verdict, or, in the alternative, for additur is denied.