# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Josephine Stith

   v.

Donnie Ray Faulkner


Shelly Ellison

   v.

Donnie Ray Faulkner


Dorothy Ann Carter

   v.

Donnie Ray Faulkner

February 3, 1998

Case Nos. (Law) 20996-20998

BY JUDGE ROBERT P. FRANK

This matter is before the Court on Plaintiffs' motions to set aside the verdicts as inadequate as a matter of law. The Court grants Plaintiffs' motions.

At trial, the jury awarded Plaintiffs Stith and Carter the exact amount of their medical expenses but did not award damages for lost wages. The jury awarded Plaintiff Ellison the exact amount of the special damages claimed, which were his medical expenses only.

In *Bowers v. Sprouse*, 254 Va. 428 (1997), the Supreme Court held that a jury verdict for the exact amount of medical expenses and other special damages is inadequate as a matter of law, regardless of whether or not the damages are controverted. *Bowers v. Sprouse*, 254 Va. 428 (1997). The Supreme Court obviously rejected the distinction between the two lines of cases that evaluated the verdict based on whether or not the damages were contested. In *Bowers*, the Supreme Court reasoned that if the jury awards the exact amount of special damages, it is apparent that they, by necessity, accepted the plaintiff's evidence regarding special damages. *Id.* at 431. In accepting the plaintiff's evidence regarding special damages, it follows that the jury also must accept the plaintiff's evidence regarding pain and suffering. *Id.* To achieve the result in *Bowers*, the jury, by necessity, had to ignore the trial court's instructions as to some elements of damages, i.e., pain and suffering. *Id.*

In contrast, when the jury awards a sum less than the special damages, it is obvious that they did not accept the plaintiff's testimony regarding special damages. The *Bowers* rationale, therefore, would not apply. If *Bowers* stands for the proposition that no verdict stands unless it exceeds the amount of special damages, the jury would be required to find either no damages or find an amount in excess of the special damages. To require the jury to do so would, in effect, remove the function of the jury as trier of fact in determining the amount of damages. Instead, the plaintiff would set the amount of damages awarded by the amount of damages claimed. If the jury questioned some aspect of the damages, they could not make an award for less than the plaintiff's evidence. Thus, defense lawyers could no longer argue that the plaintiff was overtreated, malingered, or that the medical bills were not causally related to the injury. Pre-existing injury would no longer be an issue for the jury. This could not be the proper interpretation of *Bowers*. *Bowers* must be read to allow for a verdict for less than the special damages.

In the case at bar, the exact amount of medical expenses were awarded to Plaintiffs Stith and Carter. The jury rejected Plaintiffs' claims for lost income, yet accepted Plaintiffs' medical bills. If the jury accepts the exact amount of medical expenses, under *Bowers*, it must also accept the plaintiff's testimony as to other damages, i.e., pain and suffering. As explained in the above analysis, an award for an amount less than the total amount of special damages is not inadequate as a matter of law, but an award for the exact amount of the medical expenses must be inadequate as it goes to the heart of the issue addressed in *Bowers*. In contrast, if an award equaled an

amount greater than or less than the medical expenses but less than the total special damages, under the above analysis, such an award would stand.

The Court grants Plaintiffs' motions and grants a new trial for each. The verdicts awarded to Plaintiffs Stith and Carter, although not the exact amount of the special damages, were the exact amount of the medical expenses and, for that reason, fall under *Bowers* and are inadequate as a matter of law. Defendant concedes that under *Bowers*, the verdict against Plaintiff Ellison is inadequate as a matter of law and concedes that additur is appropriate. However, under *Supinger v. Stakes*, 255 Va. 198 (1998), which held that the additur statute, § 8.01-383.1(B), is unconstitutional, this Court is of the opinion that additur does not exist at this point in time.