# CIRCUIT COURT OF THE CITY OF RICHMOND

Ronald E. Jones, Jr.

v.

Jane Eaton,
Adm'r of the Estate of
Leslie Eaton
Deceased

Case No. (Law) ML-5755

Margie Jones

v.

Jane Eaton,
Adm'r of the Estate of
Leslie Eaton,
Deceased

Case No. (Law) ML-4610

March 30, 1998

BY JUDGE JAMES B. WILKINSON

## *Facts*

On December 14, 1995, the plaintiffs, Ronald E. Jones, Jr., driver, and Margie Jones, passenger, were stopped at a red light while eastbound on East Main Street at the intersection of North 8th Street in the City of Richmond when they were rear-ended by the defendant, Leslie Eaton. After the accident,

Mr. Jones drove Ms. Jones and himself to the emergency room at Johnston-Willis Hospital.

Mr. Jones sustained injuries to his neck, shoulder, and lower back. Mr. Jones was treated for his injuries from December 14, 1995, until March 15, 1996, and his medical bills totaled $1,175.75.

Ms. Jones' injuries included her back and stomach pains. Ms. Jones received medical treatment from December 14, 1995, until March 15, 1996, and her medical bills totaled $1,175.75.

The plaintiffs filed suit against the defendant for a claim of $50,000.00 each. The cases were tried as companion cases by jury on February 25, 1998. The parties having stipulated to the defendant's negligence, the only issue submitted to the jury was the issue of damages. The jury returned a verdict finding the defendant liable to Mr. Jones, in the amount of $1,175.75, which was the exact amount of his special damages. The jury also returned a verdict finding the defendant liable to Ms. Jones in the amount of $1,175.75, which was the exact amount of her special damages. Counsel for the plaintiffs moved the Court to set aside the verdicts as being contrary to the law and evidence and inadequate as a matter of law and moved the Court to grant a new trial on damages only, which Motions the Court held under advisement.

## Issues

Whether the jury verdict awarding Mr. Jones, $1,175.75, which is the exact amount of the special damages should be set aside as being contrary to the law and evidence and inadequate as a matter of law and whether a new trial should be granted on the issue of damages only.

Whether the jury verdict awarding Ms. Jones $1,175.75, which is the exact amount of the special damages should be set aside as contrary to the law and evidence and inadequate as a matter of law and whether a new trial should be granted on the issue of damages only.

## Discussion

In any civil case, a court may set aside a jury verdict and grant a new trial when it "finds as a matter of law that the damages awarded by the jury are inadequate." Va. Code § 8.01-383.1. Given the Supreme Court of Virginia decision in *Supinger v. Stakes*, 255 Va. 198 (1998), additur is not considered by the Court. A jury verdict is to be accorded great respect and "every reasonable inference must be drawn in favor of a verdict that has been

rendered fairly under proper jury instructions." *Hall v. Hall*, 240 Va. 360, 363, 397 S.E.2d 829 (1990). A trial judge exercises discretion in supervising a jury verdict in order to guard against injustices. The Court has the sound discretion to determine "whether the ends of justice will be better served by setting aside, or refusing to set aside, an inadequate verdict." *Rawle v. McIlhenny*, 163 Va. 735, 751, 177 S.E. 214 (1934).

The well established test as to whether a verdict should be set aside is:

> [I]f it appears that the verdict is so [inadequate] as to shock the conscience of the court and to create the impression that the jury has been influenced by passion, corruption or prejudice, or has misconceived or misunderstood the facts or the law, or if the award is so out of proportion to the injuries suffered to suggest that it is not the product of a fair and impartial decision, then it becomes the plain duty of the judge, acting within his legal authority, to correct the injustice.

*Smithey v. Refining Co.*, 203 Va. 142, 148, 122 S.E.2d 872 (1961).

*Bowers v. Sprouse* is particularly on point with regard to the jury verdicts awarding the exact amount of the plaintiffs' special damages. 254 Va. 428, 492 S.E.2d 637 (1997). In *Bowers*, the Supreme Court of Virginia held that a plaintiff is entitled to a new trial when the jury returns a verdict in favor of the plaintiff for the exact amount of special damages, irrespective of whether the damages were controverted. *Id.* The Court in *Bowers* held that a "jury's verdict for the exact amount of the plaintiff's medical expenses and special damages indicates that although the jury found the plaintiff was injured and had incurred special damages, the jury, for whatever reason, failed to compensate her for any other items of damage." *Id.* at 431. The jury has failed to consider the pain, suffering, and inconvenience experienced by the plaintiff as a result of the defendant's negligence. *Id.* In such a case, the verdict of the jury is to be set aside and a new trial is proper on the issue of damages only. *Id.*

In this case, the jury returned a verdict awarding both plaintiffs the exact amount of their damages. The verdict of the jury awarding the exact amount of Mr. Jones' special damages is insufficient to compensate him for other damages such as his pain and suffering and inconvenience. The Court holds that the verdict of the jury awarding Mr. Jones $1,175.75 which is the exact amount of his special damages is inadequate as a matter of law and the plaintiff, Mr. Jones, is awarded a new trial on the issue of damages only.

The verdict of the jury awarding the exact amount of Ms. Jones' special damages is insufficient to compensate her for other damages such as her pain and suffering and inconvenience. The Court holds that the verdict of the jury awarding Ms. Jones $1,175.75 which is the exact amount of her special damages is inadequate as a matter of law and the plaintiff, Ms. Jones, is awarded a new trial on the issue of damages only.

## Conclusion

The Court holds that the verdicts of the jury awarding the plaintiffs, Mr. Jones and Ms. Jones, the exact amount of their special damages is inadequate as a matter of law. The Court orders the verdict of the jury as to Mr. Jones and the verdict of the jury as to Ms. Jones are to be set aside, and the Court grants both plaintiffs a new trial on the issue of damages only.