# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Esmeralda Sandoval

v.

John G. Hughes

March 31, 1998

Case No. (Law) CL97-1220

BY JUDGE FREDERICK B. LOWE

This automobile accident case was tried to a jury, solely on the issue of damages, on February 23, 1998. The jury returned a verdict containing a damage award of $0.00 (zero dollars). The plaintiff has moved to set aside the verdict and for a new trial on the issue of damages. The Court took the plaintiff's motion under advisement and both parties subsequently filed briefs. For the reasons set forth below, this Court denies plaintiff's motion for a new trial and confirms the jury's verdict.

Plaintiff cites *Bradner v. Mitchell*, 234 Va. 483 (1987), for the proposition that the jury's award is inadequate as a matter of law because "the attack on plaintiff's medicals in the case at bar did not [rise to a sufficient level]." (Plaintiff's Br. at 3.) Plaintiff also attempts to fit this case within the scope of the bright line rule established in *Bowers v. Sprouse*, 254 Va. 428, 431 (1997), which held that a "jury award in a personal injury action which compensates a plaintiff for the exact amount of the plaintiff's medical expenses and other special damages is inadequate as a matter of law, irrespective of whether those damages were controverted." *Bradner* and *Bowers* are inapposite to the case at bar, since those cases involved juries that awarded the respective plaintiffs at least a modicum of damages.

In this case, the jury did not award the plaintiff any damages at all, therefore the Court's decision is governed by *Mastin v. Thierjung*, 238 Va. 434 (1989). The Court finds that the plaintiff has not "introduced sufficient evidence to *require* the jury to award her damages." *Mastin*, 238 Va. at 437. The evidence adduced at trial showed that the automobile collision occurred

at very low speed, it resulted in minimal damage to the vehicles, and the plaintiff was referred to her treating chiropractor by her attorney. As the sole judges of the weight and credibility of the evidence, the jury could have concluded that the plaintiff failed to carry her burden of proving injury or causation. *See, Mastin v. Thierjung,* 238 Va. 434, 438-39 (1989) (citing *Smith v. Wright,* 207 Va. 482, 485-86 (1966)). The plaintiff's motion to set aside the verdict and for a new trial is denied.