# CIRCUIT COURT OF LOUDOUN COUNTY

Joan Margaret Scorgie

v.

Brown

May 26, 1998

Case No. (Law) 18109

BY JUDGE THOMAS D. HORNE

In this dental malpractice action, plaintiff, Joan Margaret Scorgie, seeks to have the jury verdict in her favor in the amount of $25,000.00 set aside as inadequate. She contends that the Court should grant a new trial on the issue of damages or for *additur* pursuant to §§ 8.01-383, 8.01-383.1, Code of Virginia.

Plaintiff's motion with respect to *additur* is denied. *Supinger v. Stakes*, 255 Va. 198 (1998).

The evidence with respect to special damages showed her past and future medical expenses to approximate the amount of the jury award. Absent recovery for medical expenses, the plaintiff received little, if any, recompense for the other elements of damage about which there was considerable testimony. Although this is not a case where the jury has returned a verdict for the exact amount of plaintiff's damages, it is one in which the damages are inadequate as a matter of law. *Bradner v. Mitchell*, 234 Va. 483 (1987); cf. *Bowers v. Sprouse*, 254 Va. 428 (1997). Having found the verdict inadequate, the Court must determine whether a new trial must be limited to the issue of damages.

In determining whether to limit a new trial to the issue of damages, the Court must review the five factors outlined in *Rawle v. McIlhenny*, 163 Va. 735 (1934), and restated with favor in *Bradner, supra.* Applying those factors to the evidence in the instant case, the Court has little difficulty in finding the instant cure to be controlled by factor 5(c), that is, "the evidence with reference

to liability has probably exerted a material influence upon the jury in determining the amount of the verdict." *Rawle, supra* at 750.

This was a hotly-contested case, in which the issues concerning adherence to the standard of care and causation were the subject of contrasting opinions of experts. This included not only those employed by the parties, but also the two dentists who participated in the medical malpractice panel. It was necessary for the Court to give the "Allen Charge" before a decision could be reached. In setting aside the verdict of the jury, the Court attributes none but the highest motives to the jurors. However, as the Court noted in *Glass v. David Pender Grocery Co.*, 174 Va. 196, 202 (1939), "such [high] motives do not prevent men from sometimes going astray."

Accordingly, the Court will grant the motion of the plaintiff to set aside the verdict of the jury. However, in accordance with the alternative relief requested by the defendant, the new trial will be as to all issues, including liability and damages.