## CIRCUIT COURT OF FAIRFAX COUNTY

Claudia N. Butler

v.

Karen Hawken

June 11, 1998

Case No. (Law) 151558

BY JUDGE KATHLEEN H. MACKAY

I have reviewed plaintiff's Motion to Set Aside Jury Verdict, including all the case law cited therein. I have decided to deny the motion.

In so doing, I am rejecting plaintiff's analysis of *Bowers v. Sprouse*, 254 Va. 428 (1997). Plaintiff states, "The Court's rationale is that if a jury finds the plaintiff was impaired and incurred damages as a result of the negligence or wrongful act of the defendant, the jury *must* award more than the amount of special damages to compensate the plaintiff for her pain, suffering, and inconvenience." (Plaintiff's brief at p. 6.) Further, the plaintiff states, "The Court's holding in *Bowers* requires that a less-than-specials verdict be set aside as inadequate, *irrespective* of the quality of the plaintiff's proof of damages." (Plaintiff's brief at p. 6.)

I do not believe that *Bowers* sets forth such a broad, sweeping rule. Rather in *Bowers*, where a jury verdict exactly matched the plaintiff's medical and special damages, the Court concluded that the jury had not considered pain, suffering, and inconvenience. Perhaps because the match was exact, the Court felt confident in concluding that the jury had accepted the fact that the accident caused the damage, even in the face of defendant's vigorous cross-examination, but improperly declined to estimate damages due to pain and suffering. (This speculation as to the Court's reasoning was actually set forth in Justice Lacy's dissent to the decision in *Bowers*.) "Thus under the majority's common sense interpretation, the jury improperly compromised the verdict." *Bowers*, 254 Va. at 433-34.

The facts in this case are not the facts in *Bowers*. Here, the jury awarded much less than the medicals and specials presented by plaintiff. In so doing, the Court can only conclude that the jury accepted defendant's argument that all the medical costs could not be attributed solely to the accident. Indeed, counsel admits when he sets out the evidence in his motion that the plaintiff sustained injuries to her right shoulder while skiing and received medical care related to that injury in 1989, 1990, and 1993. By her own admission, she felt "80-85% recovered to her pre-injury state" at the time of the accident which gave rise to the litigation.

Thus, the jury had plenty to work with in the case at hand. It would appear that the standard set out in *Bradner v. Mitchell*, 234 Va. 483, 487-88 (1987), remains good law, that is:

> where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause ... then neither the trial court nor we on appeal can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational factfinder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the Court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

This is a case where the Court will not disturb the jury's verdict. Mr. Cohen will please draft an Order reflecting the jury's original award, as well as the Court's denial of his Motion.