# CIRCUIT COURT OF THE CITY OF RICHMOND

Jamal P. Bates,
an infant

v.

Shamara L. Bailey

February 4, 1999

Case No. LE-163-1

BY JUDGE RANDALL G. JOHNSON

The issue in this personal injury case is whether a jury verdict in the amount of $7,000, which is $480.18 more than plaintiff's special damages, is inadequate as a matter of law. Plaintiff asserts that it is and moves for a new trial. Defendant opposes the motion.

The case arises from an automobile accident that occurred on December 10, 1996, at the intersection of Brookland Park Boulevard and Seminary Avenue in Richmond. Plaintiff, who was then nine years old, was sitting on his mother's lap in the front passenger seat of a pick-up truck being driven by his father east on Brookland Park Boulevard. Defendant was travelling north on Seminary. The intersection is controlled by a stop sign for traffic on Seminary, but defendant, who admits that she was not familiar with the area and was trying to find her way to a friend's house, disregarded the stop sign and struck the right passenger side of the truck. Defendant testified that she was going 30 to 35 miles per hour at the time of impact, and the force of the collision spun the pick-up truck around and into a tree. Pictures introduced into evidence show extensive damage to the truck. Liability was admitted.

Plaintiff, who is now eleven, did not testify. His mother did. She said that the first thing she remembers after the collision is being on the ground holding plaintiff. She does not know how she and plaintiff got out of the truck — that is, whether they were thrown out or stepped out — and no other witness testified on that point. She and plaintiff's doctor testified that plaintiff had a cut on his forehead and that the front windshield on the right passenger side of the pick-up truck was cracked, making it very likely that plaintiff struck his head on the windshield. The scar is still present. Plaintiff also had a cut on his hand, which required stitches, and suffered other cuts and bruises. His doctor also testified that plaintiff had soft tissue injuries to his back and complained of pain in his chest and pelvis. He spent a night in the hospital.

As can be seen, this is not what lawyers have come to refer to as a "MIST" (Minimum Impact Soft Tissue) case. Plaintiff was seriously and, with regard to the scar on his forehead, permanently injured. There was no attempt by defendant to challenge any of the medical treatment rendered to plaintiff or any of the medical bills, which were plaintiff's only special damages. While plaintiff did not testify, no reasonable fact-finder could conclude that plaintiff did not experience significant pain, at least from the cuts on his forehead and hand. Painless head wounds do not leave permanent scars, and there are no "ouchless" stitches. Plaintiff must be compensated for those injuries. Plaintiff must also be compensated for the mental anguish and inconvenience of being in an accident and spending a night in a hospital. There were at least eleven other doctor's visits. As noted, the scar on his forehead is permanent, and he must also be compensated for that. Indeed, if this case came to the court for approval of an infant settlement under Va. Code § 8.01-424, this court would not hesitate in rejecting it. $480.18 is simply inadequate to compensate plaintiff for these other items of damage.

Our Supreme Court has on numerous occasions addressed the issue of inadequacy of damages in personal injury cases. In *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), the Court set out a detailed analysis in determining whether a jury verdict was inadequate. In doing so, the Court first reviewed two seemingly conflicting lines of cases. The first line of cases was *Glass v. Pender Grocery Co.*, 174 Va. 196, 5 S.E.2d 478 (1939), in which a $3,000 verdict in a case involving $2,000 in specials was deemed inadequate; *Rome v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977), where a verdict for $79,918.52, which was the exact amount of specials, was not allowed to stand; and *DeWald v. King*, 233 Va. 140, 354 S.E.2d 60 (1987), setting aside a $4,500 verdict on special damages of $4,749.27.

The other line of cases was *Brown v. Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972), where a $1,500 verdict on specials of $6,420 was allowed to stand; *May v. Leach*, 220 Va. 472, 260 S.E.2d 456 (1979), in which the plaintiff, who claimed specials of $1,324.06, was unsuccessful in having a $1,323.76 verdict overturned; and *Doe v. West*, 222 Va. 440, 281 S.E.2d 850 (1981), where plaintiff's special damages included a lost wage claim for fourteen weeks at $200 a week. The jury's verdict of $2,800 was held not to be inadequate.

After discussing the above holdings, the Court stated:

> The distinction between *Glass, Rome,* and *DeWald,* on one hand, and *Brown, May,* and *Doe,* on the other, lies in the differing quality of the plaintiff's evidence of special damages. Where that evidence is uncontroverted and so complete that no rational fact-finder could disregard it (as it was in *Glass, Rome,* and *DeWald*) it must be considered as a fixed, constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-monetary elements of damages as pain, suffering, deformity, loss of working capacity, and the like, where such are proven, the verdict should be set aside as inadequate.
>
> On the other hand, where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause, as was the evidence in *Brown, May,* and *Doe,* then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

234 Va. at 487-88 (footnote omitted).

The holdings of *Bradner* and the cases there cited were very recently and very specifically reaffirmed by the Court in four cases decided on January 8 of this year. Three of those cases, *Walker v. Mason*, Record No. 980345; *Williams v. Simmons*, Record No. 980568; and *Walker v. Creasy*, Record No.

980254, were decided in one opinion, 257 Va. 65 (1999). In *Walker v. Mason,* the trial court had set aside a verdict in the amount of $230 on specials of $4,431. In *Williams,* the trial court had set aside a verdict of $560 on specials of $1,386. In *Walker v. Creasy,* the trial court had set aside a $2,700 on specials of approximately $2,614. In the other case, *Richardson v. Braxton-Bailey,* Record No. 980324, 257 Va. 61 (1999), in which plaintiff's special damages were approximately $7,200, the trial court had set aside two separate jury verdicts. In the first trial of the action, the jury returned a verdict in the amount of $3,265. In the second trial, the jury returned a verdict in the amount of $1,270.

In making its rulings in the first three cases, the Court first discussed the case of *Bowers v. Sprouse,* 254 Va. 428, 492 S.E.2d 637 (1997), in which the Court established a "bright line" rule that "a jury award in a personal injury action which compensates a plaintiff for the exact amount of the plaintiff's medical expenses and other special damages is inadequate as a matter of law, irrespective of whether those damages were controverted." *Walker v. Mason,* 257 Va. at 68 (*quoting Bowers,* 254 Va. at 431). This, according to the Court, is because "a verdict in the exact amount of the plaintiff's medical expenses and other special damages indicates that although the jury found the plaintiff was injured and had incurred special damages, the jury, for whatever reason, failed to compensate the plaintiff for any other items of damage." *Id.* The Court pointed out, however, that the bright line rule of *Bowers* applies only to those cases in which the verdict is for the *exact* amount of specials, and not to cases in which the verdict is for more or less than specials. In those cases, *Bradner* and the cases cited in *Bradner* still apply. And since the special damages in the four cases decided by the Court on January 8 were disputed, all of those cases fell into the second line of cases discussed in *Bradner.* Accordingly, they were all reversed and the original jury verdicts reinstated:

> In summary, we conclude that the trial court in each of the cases improperly applied the rule set out in *Bowers.* When the jury verdict is not in the exact amount of all the special damages claimed, *Bowers* is not applicable, and the trial court must review the evidence under traditional principles relating to the adequacy of jury verdicts. *See, e.g., Bradner v. Mitchell,* 234 Va. 483, 362 S.E.2d 718 (1987), and the cases cited therein.

*Walker v. Mason,* 257 Va. at 72.

The quality of the evidence is dispositive, not a comparison between the amount of the verdict and the special damages claimed.

*Richardson v. Braxton-Bailey*, 257 Va. at 64.

Applying these principles to the case-at-bar, it is clear that it falls under the first line of cases in *Bradner*, not the second. Defendant did not question plaintiff's medical treatment or bills. They were, as stated in *Bradner*, a "fixed, constituent part of the verdict." 234 Va. at 487. As also stated in *Bradner*, "[w]hen the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-monetary elements of damages as pain, suffering, deformity, loss of working capacity, and the like, where such are proven, the verdict should be set aside as inadequate." *Id.* Because $480.18 is clearly insufficient to compensate this plaintiff for his proven pain, inconvenience, and permanent injury, all discussed at the beginning of this opinion, the verdict must be set aside.