# CIRCUIT COURT OF THE CITY OF ROANOKE

Denise M. Pickle

v.

Tracey A. Good

December 21, 2000

Case No. CL98-1202

BY JUDGE ROBERT P. DOHERTY, JR.

In this rear end collision case, the jury returned a verdict for Plaintiff in the amount of $6,848.73, which was $7.35 more than the medical and wage loss special damages. Plaintiff has moved to set the verdict aside claiming that it is inadequate as a matter of law. Defendant responds that in light of the controverted nature of the injuries sustained by the Plaintiff, the verdict is adequate. The Court finds in favor of the Defendant.

### Adequacy of Verdict

Plaintiff cites *Bowers v. Sprouse*, 254 Va. 428, 431 (1997), for the proposition that a "jury verdict for the exact amount of the plaintiff's medical and special damages is inadequate as a matter of law." She argues that the $7.35 difference in the jury verdict is so slight that it should be treated the same as the exact amount of the special damages or that the jury simply made a math error and intended the verdict to be the exact amount of the special damages. In the alternative, using the reasoning of *Bradner v. Mitchell*, 234 Va. 483 (1987), Plaintiff claims that the $7.35 award over special damages is not sufficient to compensate her for her pain, suffering, and other non-liquidated damages.

Plaintiff's reliance on *Bowers v. Sprouse* is misplaced. The law in Virginia is that "the verdict of a jury in personal injury cases will not be set

aside as inadequate or excessive unless it is made to appear that the jury has been actuated by prejudice, partiality, or corruption, or that it has been misled by some mistaken view of the merits of the case." To this statement, this Court adds the phrase, "or that the jury failed to follow the instructions of the Court." *Glass v. David Pender Grocery Co.*, 174 Va. 196, 201 (1939). *Bowers* does not follow this rule of law. It is a narrow and artificial exception to the general rule. It says that in *all* cases where a jury returns a verdict for the exact amount of special damages, an unrebuttable presumption exists that the jury failed to follow the instructions of the court regarding unliquidated damages. A jury verdict for one cent more or one cent less than the special damages takes it out of the artificial exception of *Bowers* and requires the application and logic of the long standing Virginia rules regarding the adequacy of jury verdicts. "When the jury verdict is not in the exact amount of all the special damages claimed, *Bowers* is not applicable, and the trial court must review the evidence under traditional principles relating to the adequacy of jury verdicts." *Walker v. Mason*, 257 Va. 65, 72 (1999).

In the case at hand, both parties were stopped at a red light. Defendant took her foot off the brake pedal as she reached to pick up a baby bottle that had been dropped to the car floor. Her vehicle rolled forward and bumped the Plaintiff's vehicle. No damage was done to the Defendant's vehicle. The resulting dent that was discovered in the lower part of the plastic bumper of Plaintiff's car could easily have been covered, and maybe filled in, by a dollar bill folded in half. Plaintiff claimed that her entire right side, from her neck to her ankle, immediately went numb. Her first contact with a physician was two days later. All of her complaints of pain were subjective. Her injuries and activities following the accident, and while she was still recovering, included twisting her ankle while teaching her daughter to ride a bike, spraining her wrist while rough housing with her teenage son, horseback riding, frequent camping, and a nine day covered wagon trip. Plaintiff denied prior back problems but, when confronted with medical records, admitted to previous back pain and medical treatment. A doctor testified that his treatment of Plaintiff was based upon her complaints of pain, and what turned out to be an inaccurate medical history, not upon any specific objective findings. The existence, extent, and duration of Plaintiff's injuries were contested throughout the trial.

The jury was given standard instructions of the law, including that they could use their common sense in judging the testimony of witnesses and that they could accept or disregard all or part of the testimony of a witness as they thought proper. They appear to have followed these instructions. The jury obviously concluded that the Plaintiff was not injured as seriously as she

claimed. They compensated her for what they determined to be her *actual* injuries. While the verdict might not be the one this Court would have rendered, it is certainly within the range of reasonableness, given the evidence and the manner of its presentation. In order to find in the Plaintiff's favor, the Court would have to engage in forbidden speculation and conjecture as to the thought process of the jury. See *Doe v. West*, 222 Va. 440 (1981), and *Richardson v. Braxton-Bailey*, 257 Va. 61 (1999), both cited in *Walker v. Mason, supra*. Accordingly, Plaintiff's motion to set aside the verdict is denied, and judgment will be rendered in accordance with the jury finding.

Counsel for the Defendant should prepare an appropriate order granting judgment to the Plaintiff in the amount of $6,848.74, with interest at the legal rate from November 2, 1998.