# CIRCUIT COURT OF THE CITY OF RICHMOND

Janice White

v.

Karen Elliott

April 20, 2005

Case No. LS-479

BY JUDGE MELVIN R. HUGHES, JR.

This personal injury case is before the court on plaintiff's Motion to Set Aside the jury's verdict for reasons of inadequacy and to set a new trial.

Upon completion of the evidence, the jury deliberated and returned a verdict for $1,591.00, the exact amount of medical special damages. After receiving the verdict, the court asked the jury to continue deliberating because the verdict made it apparent that all of the instructions had not been considered. *See Bowers v. Sprouse*, 254 Va. 428, 492 S.E.2d 637 (1999).

Following its renewed deliberation, the jury returned a verdict of $1,592.00, a dollar more than the medical specials in the case. After a poll, the jury was discharged, and judgment was thereafter entered consistent with the jury's verdict. Plaintiff now seeks a new trial.

The case involved a claim by the plaintiff for personal injury after defendant's vehicle collided with the rear of plaintiff's vehicle. In *Bowers*, the court held that a verdict in the exact amount of special damages is inadequate as a matter of law. In *Walker v. Mason*, 257 Va. 65, 510 S.E.2d 734 (1999), the court held that, *Bowers* notwithstanding, verdicts above or below the amount of specials are to be evaluated on principles applicable to determining adequacy of jury verdicts. Here, plaintiff argues that, by the amount of the verdict, it is evident that the jury did not read the instructions or did not follow them and, otherwise, the verdict is inconsistent with law.

30

The collision occurred after defendant's vehicle moved into plaintiff's lane of travel and struck plaintiff's vehicle in the rear. Following the accident plaintiff sought treatment with her family physician for neck and back injuries. The treatment included physical therapy. Plaintiff's medical bills came to $1,591. She incurred lost wages due to time off from work due to injury, but these were neither itemized nor quantified except that she reported twenty hours lost from work at an hourly rate of $20.00. A report of an orthopedic surgeon who reviewed plaintiff's physician's medical records on defendant's behalf was put before the jury as well as photographs of the respective vehicles, which showed little or no damage to either vehicle.

As plaintiff concedes, the bright line rule of *Bowers* does not extend to cases where the jury returns a verdict for less but not all the special damages claimed. In those instances, the court said, adequacy of the verdict is to be determined using traditional principles applicable to determining adequacy. Here, because of the nature of the impact sustained, the jury could have concluded that the plaintiff was not as seriously injured as she claimed and decided to grant her an amount less than any constituent amount of damage items claimed. *See Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987). For all we know, the jury considered each of the damage elements and decided to discount the medicals and lost wages, allowing for some sum to compensate for general damages (pain, suffering, inconvenience, etc.). Under the cases, the court cannot conclude as a matter of law that the jury must not have followed its instructions. Upon this motion it is problematical whether the jury should have been directed to redeliberate. The first verdict could have been upheld because neither *Bowers* nor adequacy was implicated, the jury having returned a verdict for less than all the special damages, including the lost wage claim.

For these reasons, plaintiff's Motion to Set Aside and Award a New Trial is denied.