# CIRCUIT COURT OF ROCKINGHAM COUNTY

William W. Mongold

v.

Susan M. Freer

October 1, 1998

Case No. (Law) 10774

BY JUDGE JOHN J. MCGRATH, JR.

This matter comes before the Court on the Plaintiff's Motion to Set Aside the Verdict rendered in his favor as being contrary to the law and evidence. The facts in this case are fairly straightforward. The Plaintiff was operating a motor vehicle northbound on Route 11 in Rockingham County on August 17, 1997, when he collided with a van which was towing an eighteen foot camping trailer being operated by the Defendant, which had been going in a northerly direction on Route 11 and which was making a U-turn or a "three-point turn" to change direction to head south on Route 11. The Defendant's reason for making this turn appears to have been that she had missed a gas station that she was looking for on Route 11.

The accident was quite serious in that the camping trailer was totally destroyed and the Plaintiff's automobile was seriously damaged. The Plaintiff received cuts and abrasions about his person, a blow to the head, and a cut on his chin which went all the way through the bottom portion of his lips so that his tongue was actually protruding through the cut in his lip.

The liability issues were hotly contested during the trial, and, at the close of all of the evidence, the Plaintiff had moved for summary judgment on the issue of liability on the grounds that both the Plaintiff and the Defendant and the Defendant's witnesses had testified that the Defendant was in the process of making a turn on Route 11 to change her direction of travel and that the

location in which she was making the turn, according to all of the testimony, was somewhat less than five hundred feet from the crest of the hill from which direction the Defendant had approached. The Plaintiff's motion was based on § 46.2-845 which reads in total:

*Limitations on U-Turns* — The driver of a vehicle within cities, towns, or business districts of counties shall not turn the vehicle so as to proceed in the opposite direction except at an intersection.

No vehicle shall be turned so as to proceed in the opposite direction on any curve or on the approach to or near the crest of a grade where the vehicle cannot be seen by the driver of any other vehicle approaching from any direction within five hundred feet.

The Court took under advisement the Plaintiff's motion for summary judgment on the liability issue and submitted the matter to the jury.

After approximately one and a half hours of deliberation, the jury returned with a verdict of $2,199.32, which was precisely the amount of the special damages proven by the Plaintiff. The Plaintiff's specials included medical bills of $1,868.98, a vet's bill for his dog, Fred, which was injured in the accident, of $116.50, and the bill for a rental vehicle of $213.84. These specials were uncontroverted during the trial.

In addition, the Plaintiff testified that he had a scar on his lip from the cut that protruded all the way through his lower lip to his gums and that the scar presented difficulties in shaving. In addition, Plaintiff testified to a fair amount of pain and suffering incurred in the injury, most particularly for the damage it had done to his lower back. The evidence was uncontroverted that the Plaintiff had a long-standing back problem. The Plaintiff had back surgery approximately a year before the accident, and he and his family testified that that back surgery had been remarkable and relieved virtually all of his back pain symptoms. The Plaintiff further testified that, after the instant automobile accident, his back began to hurt him again and has resulted in limiting his movement and his ability to do ordinary tasks around the house such as mowing the yard and painting. The Plaintiff made no claim for lost wages because he is a retired welder.

After the return of the verdict, the Plaintiff, based on the authority of *Bowers v. Sprouse*, 254 Va. 428 (1997), moved for the Court to set aside the verdict as being inadequate as a matter of law. The Defendant's response concedes that under the controlling authority of *Bowers v. Sprouse, supra*, the verdict must be set aside as a matter of law. The Court notes that there is no

question that this is the appropriate remedy, particularly in light of the Supreme Court's ruling in *Toombs v. Hayes*, 256 Va. 193 (1998).

Defendant, however, further argues that under the authority of *Shelby Ins. Co. v. Kozak*, 255 Va. 411 (1998), and *Rawle v. McIlhenny*, 162 Va. 735 (1934), the case should be remanded for a trial on the issues of liability and damages. The question of whether the new trial ordered should cover just the issue of damages or the issues of liability and damages is not an easy one to resolve.

At the end of all of the evidence, the Plaintiff moved for a summary judgment on the issue of liability on the basis of both the Plaintiff's and Defendant's evidence on the grounds that as a matter of law under Va. Code § 46.2-845, the Plaintiff's and Defendant's evidence was uncontroverted that the Defendant had made a change in direction on a highway in violation of § 46.2-845. The basis of the Motion was that the Plaintiff had testified that the distance between the crest of the hill over which his car was proceeding the location in which the Defendant was making a turn to change direction on the highway was 440 feet. The Defendant's husband, who was called by the Defendant, testified that he had measured the distance from the crest of the hill to the location where the Defendant was making the turn for a change of direction, and he testified that the distance was 475 feet. The Plaintiff's theory is that under § 46.2-845, as a matter of law, the Defendant was negligent because the uncontradicted evidence of both Plaintiff and Defendant was that Defendant was making a turn to change direction less than 500 feet from the crest of the hill.

At the end of the evidence, the Court reserved ruling on that motion. Upon reflection and examination of all of the evidence introduced in the case, the Court is now of the view that it should have granted Plaintiff's Motion for Partial Summary Judgment.

The Defendant's position is that § 46.2-845 of the Code of Virginia only applies to "U-turns" and that because she was pulling a trailer behind her van, she was not making a U-turn because she was engaged in what she referred to as a three-point turn in order to change her direction of travel from northbound on Route 11 to southbound on Route 11. The three-point turn is apparently the Defendant's way of expressing that it was a turn that could not be completed in one continuous maneuver of her vehicle but required her to apply the brakes, go into reverse, and jockey her vehicle to go into the other direction.

The statute in question reads in its entirety as follows:

§ 46.2-845. *Limitation on U-Turns.* — The driver of a vehicle within cities, towns, or business district of counties shall not turn his vehicle so as to proceed in the opposite direction except at an intersection.

No vehicle shall be turned so as to proceed in the opposite direction on any curve, or on the approach to or near the crest of a grade, where the vehicle cannot be seen by the driver of any other vehicle approaching from any direction within 500 feet.

Defendant's counsel's contention is that this statute only governs "U-turns" and that his client was not engaged in a U-turn but had pulled into a driveway and was making a three-point turn in order to change her direction of travel on Route 11. Although the statute has a headline of "Limitation on U-Turns," the body of the statute does not refer to a U-turn but simply prohibits a vehicle from being "turned so as to proceed in the opposite direction ... on the approach to or near the crest of a grade where the vehicle cannot be seen by the driver of any other vehicle approaching from any direction within 500 feet." It is well established law pursuant to § 1-13.9 of the Code of Virginia that the headlines of the various sections within the Code are "intended as mere catchwords to indicate the contents of the section and shall not be deemed or taken to be titles of such sections nor as any part thereof, and they do not serve to alter the plain words of the statute." See, e.g., *Ritholz v. Commonwealth*, 184 Va. 339 (1945); *Jones v. Division of Child Support Enforcement*, 19 Va. App. 184 (1994).

The statute's language is clear and, under the terms of the statute, the Defendant was in clear violation of the provisions of § 46.2-845; therefore, the Court should have directed a verdict on the issue of liability in favor of the Plaintiff. Therefore, the Court hereby sets aside the jury's verdict as being inadequate as a matter of law and orders a new trial to proceed solely on the issue of damages. And this matter is continued.