Present:  All the Justices

MICHAEL J. WALKER

v.  Record No. 980345    OPINION BY JUSTICE ELIZABETH B. LACY
                                        January 8, 1999
DEWAYNE K. MASON

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Randall G. Johnson, Judge


TAMARA S. WILLIAMS

v.  Record No. 980568

SHONA R. SIMMONS

          FROM THE CIRCUIT COURT THE CITY OF RICHMOND
                    Walter W. Stout, III, Judge


DEVEATA ANITA WALKER

v.  Record No. 980254

JACK CREASY

          FROM THE CIRCUIT COURT OF AMHERST COUNTY
                    J. Michael Gamble, Judge

     The three appeals addressed in this opinion involve the

proper application of principles for determining whether a

jury verdict is inadequate as a matter of law.  The trial

court in each of these cases set aside the jury verdict

relying on the principle enunciated in Bowers v. Sprouse, 254

Va. 428, 492 S.E.2d 637 (1997).

     In Bowers, the jury returned a verdict in the exact

amount of the special damages introduced by the plaintiff.

The Court in Bowers reversed the trial court's denial of

plaintiff's motion to set aside the verdict, stating that "a jury award in a personal injury action which compensates a plaintiff for the exact amount of the plaintiff's medical expenses and other special damages is inadequate as a matter of law, irrespective of whether those damages were controverted." Id. at 431, 492 S.E.2d at 639. The basis of this rule is that a verdict for the exact amount of the plaintiff's medical expenses and special damages indicates that although the jury found the plaintiff was injured and had incurred special damages, the jury, for whatever reason, failed to compensate the plaintiff for any other items of damage. Id., 492 S.E.2d at 638.

This bright line rule is limited, however, to those factual situations in which the jury verdict is identical to the full amount of the special damages. The rationale underlying the rule does not extend to an award which deviates from the amount of all the special damages claimed, even if the amount of the verdict corresponds to an identifiable portion of the special damages. In such case, the bright line rule of Bowers cannot be applied.

## I. Walker v. Mason, Record No. 980345

In Walker v. Mason, the plaintiff claimed special damages of $4,431. The jury returned a verdict in the amount of $230, an amount equal to the amount of the hospital emergency room bill. The trial court set the verdict aside, concluding that,

even though the verdict was not in the exact amount of all the special damages presented, the verdict was in the exact amount of a portion of the special damages, and that, under Bowers, "you just cannot have a verdict for the amount of specials." The trial court, applying the additur statute, Code § 8.01-383.1(B)(1994)(amended 1998), entered judgment for $7,730.

The trial court's application of Bowers was error for reasons previously stated. The case of Doe v. West, 222 Va. 440, 281 S.E.2d 850 (1981), is instructive under the circumstances presented here. In Doe, the plaintiff sought to recover lost wages of $200 per week for 14 weeks. The jury returned a verdict for $2,800 which the trial court calculated as the exact amount of the lost wages claimed by the plaintiff. The trial court set aside the verdict, finding that it did not include any other items of damages that the jury was required to consider under the instructions given. In reversing the trial court, the Court in Doe stated that

> [t]he failure of the jury to return, from conflicting evidence, a verdict in a greater amount than the trial judge's calculation of West's lost wages does not justify the inference that the jury failed to consider all the elements of damages permitted under the court's instruction. We cannot say that the verdict was based upon an unreasonable interpretation of the evidence, which was susceptible to different findings. Under these circumstances, the trial court should not have set aside the first verdict. See May v. Leach, 220 Va. 472, 473-74, 260 S.E.2d 456, 457 (1979); Brown v. Huddleston, 213 Va. 146, 147, 191 S.E.2d 234, 235 (1972).

3

222 Va. at 446, 281 S.E.2d at 853.

As in Doe, whether the verdict in Walker v. Mason was inadequate depends on the evidence presented. Here, the record shows that the extent of Walker's injuries was controverted. His doctor, Leon J. Brown, Jr., testified that, other than muscle spasms in Walker's neck, there were no injuries which could be verified objectively. Mason's injuries, as he described them to Dr. Brown, were pain and tenderness in his neck, back, and knee. There were no contusions or swelling in the knee. Dr. Brown prescribed an anti-inflammatory medication, a muscle relaxer, an analgesic cream and use of moist heat at home. Dr. Brown eventually referred Mason to an orthopedic surgeon based on Mason's complaints about his knee. Mason saw the surgeon on two occasions over the course of two months. Physical therapy was also prescribed, although Mason testified that he had missed some of the appointments. The record also reflects that Mason was playing basketball during this period.

This record is susceptible to varying interpretations regarding the extent of the injuries and expenses proximately caused by the automobile accident and, therefore, we cannot say that the verdict was based on an unreasonable interpretation of the evidence or a failure to consider elements of damages under the court's instructions.

4

Accordingly, we will reverse the judgment of the trial court and reinstate the jury verdict in the amount of $230.

## II.  Williams v. Simmons, Record No. 980568

In Williams v. Simmons, the plaintiff claimed special damages of medical bills and lost wages totaling $1,386.  The jury returned a verdict of $560, the amount of the lost wage claim.  In reviewing the adequacy of the verdict, the trial court stated that the amount of the jury verdict constituted a finding by the jury that the plaintiff was "entitled to be compensated for lost wages," which then "necessitated its finding that the plaintiff had suffered from her injuries." Citing Bowers, the trial court concluded that, because the jury found the injury compensable but did not return a verdict reflecting the plaintiff's pain, suffering, inconvenience, or medical bills, the verdict was inadequate as a matter of law. Relying on the additur statute, Code § 8.01-383.1(B)(1994) (amended 1998), the trial court entered judgment in favor of Simmons for $2,500.

As indicated above, the trial court's reliance on Bowers was misplaced.  The amount of the jury verdict, although equivalent to the lost wages claimed, does not of itself justify the inference that the jury did not consider all the elements of the damage instruction.  In this case, while the jury necessarily accepted the plaintiff's version of the accident and defendant's negligence as a predicate for

5

awarding any damages, the testimony regarding the seriousness of the injuries and the damages suffered by the plaintiff as a result of the accident was subject to conflicting interpretations.

Although the plaintiff described the impact in the accident as "pretty hard," the defendant maintained that it was only "[a] light bump." Immediately following the accident, the plaintiff did not complain of any injury or seek medical care, but proceeded to attend a high school football game. She testified that she had a stiff neck and back the next morning and that her chest hurt. She took a non-prescription pain medication and applied heat to the area of soreness. The plaintiff testified that she went to a hospital emergency room the day after the accident. She did not request any damages relating to this hospital visit.

Eleven days after the accident, the plaintiff consulted Dr. William R. Mauck. She did not tell him of her emergency room visit. Dr. Mauck testified that the plaintiff had no objective symptoms. He treated her for tenderness of the neck and lower back muscles and "guarding of motion," which he described as reluctance to move her neck and lower back to their full range of motion. The chest pain of which the plaintiff also complained was an aggravation of a pre-existing chest condition. Dr. Mauck prescribed rest, wet heat, a muscle relaxant, and electric heat treatment for the muscular

soreness and pain described by the plaintiff.  The plaintiff, a child care provider, continued working for two weeks following the accident, but did not work during the subsequent two weeks while under the care of Dr. Mauck.

Based on this evidence, the jury was entitled to conclude that the plaintiff had not been injured as seriously as she claimed and, accordingly, elected to award a monetary amount commensurate with the damages it concluded were actually incurred.  While one may speculate as to the components of the damage amount awarded on this conflicting evidence, such speculation is not sufficient to warrant the conclusion, as a matter of law, that the jury did not consider all the elements of damage in reaching the amount of its verdict.  Doe v. West, 222 Va. at 446, 281 S.E.2d at 853; see Richardson v. Braxton-Bailey, 257 Va. ___, ___, ___ S.E.2d ___, ___ (1999)(this day decided).  We cannot say that the verdict was based on an unreasonable interpretation of the evidence.

Because the trial court erred in concluding that the verdict was inadequate as a matter of law, we will reverse the judgment of the trial court and reinstate the jury verdict of $560.

### III.  Walker v. Creasey, Record No. 980254

Finally, in Walker v. Creasey, the jury returned a verdict of $2,700, an amount that exceeded the special damages claimed by approximately $86.00.  The trial court set the

7

verdict aside. It found that the jury had "rounded its verdict to the next higher one hundred dollars," and that, under the decision in Bowers, the verdict was inadequate as a matter of law because it is "for the amount of the compensatory medical expenses." The trial court thus concluded that the jury failed to take into consideration other elements of damage as instructed. Relying on Code § 8.01-383.1(B)(1994)(amended 1998), the trial court entered judgment for $5,000 in favor of Creasy.

The facts of this case, however, do not bring it within the ambit of the narrow rule promulgated in Bowers, and the trial court erred in setting aside the verdict on that basis. As pointed out by Walker, the facts in this case are similar to Dinwiddie v. Hamilton, 201 Va. 348, 111 S.E.2d 275 (1959). In that case, the jury verdict exceeded the claimed special damages by $761. The Court in Dinwiddie affirmed the jury verdict, stating that compensation for pain and suffering is within the discretion of the jury and "no mere difference of opinion of the trial judge, however decided, will justify an interference with their verdict, unless it appears from the record that the jury has been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case." Id. at 352, 111 S.E.2d at 278. There is nothing in the record in the instant case which would support a conclusion that the jury's verdict was the result of

8

improper influence or a mistaken view of the merits of the case.

Accordingly, we will reverse the judgment of the trial court and enter judgment reinstating the original jury verdict of $2,700.

## IV.  Summary

In summary, we conclude that the trial court in each of the cases improperly applied the rule set out in Bowers.  When the jury verdict is not in the exact amount of all the special damages claimed, Bowers is not applicable, and the trial court must review the evidence under traditional principles relating to the adequacy of jury verdicts.  See, e.g., Bradner v. Mitchell, 234 Va. 483, 362 S.E.2d 718 (1987), and cases cited therein.  In light of our disposition of these cases, we need not address issues raised with regard to the imposition of additur under Code § 8.01-383.1(B).

Record No. 980345 — Reversed and final judgment.
Record No. 980568 — Reversed and final judgment.
Record No. 980254 — Reversed and final judgment.

9