Present:  All the Justices

CRAIG RICHARDSON

v.  Record No. 980324    OPINION BY JUSTICE ELIZABETH B. LACY
                                January 8, 1999
VALERIE BRAXTON-BAILEY

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Theodore J. Markow, Judge

Valerie Braxton-Bailey filed a motion for judgment against Craig Richardson seeking $60,000 for injuries that she allegedly sustained in an automobile accident caused by Richardson's negligence.  Following a jury trial, the trial court set aside a $3,265 verdict in favor of Braxton-Bailey, finding it "inconsistent with the law and the evidence," and the case was retried on the issue of damages only.  The second trial resulted in a jury verdict of $1,270, which the trial court also set aside as "contrary to the evidence and law" and "inadequate as a matter of law."  Following a third trial on damages alone, the trial court entered judgment on a jury verdict in the amount of $35,000.  Richardson appealed, asserting that the first two verdicts were not inadequate as a matter of law and that the third verdict was excessive as a matter of law.  We will reverse the judgment of the trial court because we conclude that the trial court erred in setting aside the first verdict.

In reviewing the trial court's action in setting aside the jury verdict of $3,265, we apply the following familiar principles:  (1) the amount of a verdict is within the jury's discretion, and when arrived at upon competent and proper instructions, is inviolate, Taylor v. Maritime Overseas Corp., 224 Va. 562, 567, 299 S.E.2d 340, 343 (1983); (2) when evaluating the amount of the jury verdict, all reasonable inferences must be drawn in favor of the verdict rendered, Hall v. Hall, 240 Va. 360, 363, 397 S.E.2d 829, 831 (1990); and (3) if, based on the evidence, the jury was entitled to believe that only a portion of the damages claimed were reasonably related to the accident, then the verdict cannot be set aside by the trial court as inadequate as a matter of law, Brown v. Huddleston, 213 Va. 146, 147, 191 S.E.2d 234, 235 (1972).

Braxton-Bailey was injured when Richardson failed to stop at a red traffic signal, and his vehicle hit the rear passenger side of Braxton-Bailey's vehicle.  The impact spun her vehicle around, causing a flat rear tire.  There was no other damage to her vehicle.

The day after the accident, Braxton-Bailey, complaining of soreness in her neck, shoulder blades, right wrist, and right arm, went to see Dr. Leon J. Brown, Jr., a doctor recommended by her attorney.  Dr. Brown testified that

Braxton-Bailey's injuries were caused by the accident. He also testified that there were no objective symptoms of her injuries and that his diagnosis was based solely on what Braxton-Bailey told him.  The injuries were muscular in nature, did not involve nerve damage, and were not permanent. Dr. Brown treated Braxton-Bailey with prescribed exercises, heat packs, anti-inflammatory medication and electric stimulation over the course of six weeks.  Braxton-Bailey introduced medical bills of $1,225 for Dr. Brown's services and $45.59 for prescription medications.

Dr. Brown testified that he initially anticipated that Braxton-Bailey could return to her work as a teacher approximately two weeks after the accident, but that "additional problems" prevented her from doing so.  He testified that "on several occasions we tried to get her back to work," but that she did not finally return to work until five weeks after the accident.  Braxton-Bailey asserted that she incurred $5,905.20 in lost wages.

The jury's verdict of $3,265 was clearly less than the approximately $7,200 in special damages claimed by Braxton-Bailey.*  In setting aside the verdict on the basis that it was

---

* Counsel for Richardson stipulated that the amounts claimed by Braxton-Bailey were incurred subsequent to the accident; however, the record does not support the conclusion, asserted by Braxton-Bailey, that Richardson's counsel agreed

3

"inconsistent with the evidence and law," the trial court did not disagree with the jury's obvious conclusion that only a portion of Braxton-Bailey's damages were reasonably related to the accident.  The trial court's action was based on its belief that the amount awarded reflected "an award of the medical expenses and two of the five weeks claimed for lost wages" and that the jury thus made "[n]o allowance" for the other damage elements such as pain, suffering, and inconvenience which were contained in the jury instructions. The trial court erred in setting aside the verdict based on this assumption.

When the evidence permits a jury to conclude that only some of the damages claimed resulted from the accident, a verdict in an amount less than or approximating a portion of the special damages does not justify the conclusion that the jury failed to consider other damage elements such as pain, suffering, and inconvenience.  Walker v. Mason, 257 Va. ___, ___ S.E.2d ___ (1999)(this day decided); Doe v. West, 222 Va. 440, 446, 281 S.E.2d 850, 853 (1981).  The quality of the evidence is dispositive, not a comparison between the amount of the verdict and the special damages claimed.  See Doe v. West, 222 Va. at 446, 281 S.E.2d at 852-53.  Based on this

---

or stipulated that those damages were proximately caused by the accident.

4

record, we conclude that the jury was permitted to conclude that not all the damages claimed by Braxton-Bailey were incurred as a result of the accident.  The verdict was not based upon an unreasonable interpretation of the evidence; therefore, the trial court erred in setting it aside.

Accordingly, we will reverse the judgment of the trial court, reinstate the jury verdict of $3,265 in favor of Braxton-Bailey, and enter final judgment here on that verdict.

<u>Reversed and final judgment.</u>