## CIRCUIT COURT OF THE CITY OF RICHMOND

Tammy Sue Mulligan

v.

James A. Kirscher

May 28, 1999

Case No. LC-341-1

BY JUDGE MELVIN R. HUGHES, JR.

Considering counsels' representations about the evidence and considering the Supreme Court's ruling in *Walker v. Mason*, 257 Va. 65 (1999), which teaches:

When the jury verdict is not the exact amount of all the special damages claimed, *Bowers* is not applicable, and the trial court must review the evidence under traditional principles relating to the adequacy of jury verdicts. *See, e.g. Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), and cases cited therein.

*Id.* at p. 72.

In *Bradner*, the court observed as to questions of inadequate damages, as here:

where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause .... .

the fact finder can find that the plaintiff is entitled to considerably less than the amount claimed.

As mentioned, the $378 jury award coincides exactly with the hospital emergency room bill incurred on the day of or the day after the accident. The remainder of the specials, incurred as a result of the plaintiff's later treatment by a chiropractor, were obviously discounted by the jury. The court finds that the jury was free to do this because these damages were not a fixed, constituent part of any verdict for plaintiff. *Id.* at 87.

Accordingly, plaintiff's motion to set aside the verdict and for a new trial is denied.