# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Samuel Parker

v.

Carla G. Liverman

May 28, 1999

Case No. CL98-38

BY JUDGE JOHN W. SCOTT, JR.

This matter came on for trial on May 6, 1999, in the Circuit Court of the City of Fredericksburg before a jury. After receiving all the evidence, the instructions of law from the court, and hearing the closing argument of counsel, the jury retired to deliberate and returned with a unanimous verdict in favor of the plaintiff and assessed his damages at $850.00. The jury was excused. Counsel for the plaintiff then moved to set aside the jury verdict as being contrary to the law and the evidence. The defendant opposed this motion. The parties submitted written memoranda in support of their respective positions on May 14, 1999.

The plaintiff and defendant agree that the accident, which is the subject of this litigation, occurred when the defendant's vehicle struck the plaintiff's vehicle from the rear. The parties disagree, however, as to the severity of the accident, the injuries that plaintiff suffered as a consequence of the accident, the medical treatment that plaintiff received as a result of the injuries sustained in the accident, and whether or not there were any residual effects to the Plaintiff from the accident such as chronic pain.

The health care providers who testified on behalf of the respective parties agree that the plaintiff sustained an injury as a result of the accident. The doctor who testified on behalf of the defendant believes that the plaintiff received a sprain or strain that should have resolved within six to eight weeks at a maximum. The medical expert called by the plaintiff testified that the injuries which were the result of the accident were long lasting and that the accident aggravated certain medical conditions that will cause the plaintiff to

experience future pain and suffering. Even if the defendant acknowledged her fault in causing the accident, the jury must resolve all of these disputed issues.

If a properly instructed jury resolves the issue of damages in a personal injury case in a logical interpretation of the evidence, that jury's verdict should not be disturbed. *Doe v. West*, 222 Va. 440, 445 (1981). The power conferred upon a trial judge to overturn or set aside a jury verdict can only be exercised where the verdict is plainly erroneous and without credible evidence to support it. *Dutton v. Locker*, 224 Va. 535, 543 (1982).

The Supreme Court of Virginia has taken the position that:

From the evidence, the jury is entitled to find that the plaintiff had not been injured as seriously as she claimed. The jury was also justified in believing that only a portion of the special damages was reasonably related to the accident. This being so, the verdict cannot be disturbed on the ground that it was inadequate.

*May v. Leach*, 220 Va. 472, 474 (1979), citing *Brown v. Huddleston*, 213 Va. 146, 147 (1972).

This principle was reaffirmed in three cases that were decided in 1999. See *Walker v. Mason, Williams v. Simmons*, and *Walker v. Creasey*, 257 Va. 65 (1999). In each of these cases, the trial court set aside jury verdicts as being inadequate. The Supreme Court reinstated the jury verdicts in each case.

In this case, the jury had the prerogative to determine the credibility of the witnesses, to compare the plaintiff's and the defendant's testimony and the respective health care providers opinions, and to review the submission of alleged special damages. The jury had the prerogative to apply their common sense and to consider the weight given to each part of the evidence. The jury may, in fact, conclude that the plaintiff was not injured as he said he was. Unless the jury's verdict is plainly wrong and contrary to the law and the evidence, it should not be overturned by a trial judge. In this case, the jury's verdict in favor of the plaintiff and its award of damages must be affirmed.

The Plaintiff's Motion to Overturn the Jury's Verdict is denied. It is ordered that the jury's verdict in this case is final.