# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Christopher W. Foy

    v.

Marla B. Gilera

March 16, 2000

Case No. (Law) CL99-1208

BY JUDGE H. THOMAS PADRICK, JR.

This matter comes before the court on plaintiff's motion to reconsider and for a new trial. The court previously denied plaintiff's motion to set aside the verdict and for a new trial. Plaintiff suffered personal injuries in an automobile accident. The jury awarded the plaintiff $1,835.00, thirty cents more than the amount claimed for medical bills, $1,834.70. The court heard arguments on this motion and took the matter under advisement. Both parties submitted briefs.

Plaintiff claims the jury verdict awarded damages inadequate as a matter of law. Because the award could be traced to a finite portion of the plaintiff's medical expenses, plaintiff contends the jury improperly failed to consider all of the factors outlined by the court in its instruction on damages. The defendant counters the plaintiff's argument by pointing out the highly controverted evidence of the plaintiff's injuries.

Whether a jury's verdict should be set aside for inadequacy depends upon either a test described by the Virginia Supreme Court in *Bowers v. Sprouse*, 254 Va. 428 (1997), or alternatively, upon a separate line of cases following *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987). The Court's holding in *Bowers* provides that a jury's verdict should be set aside as a matter of law if the amount awarded is *identical* to the amount sought in special damages and medical bills. On the other hand, Justice Lacy's dissent in *Bowers* points one toward an alternative analysis on a case-by-case basis.

Justice Lacy emphasizes a line of cases which looks to the evidence as a means to determine the adequacy of a jury's verdict. Attempts to expand the holding in *Bowers* have failed, and consequently, *Bowers* did not overrule the *Bradner* line of cases alluded to by Justice Lacy in her dissent. In fact, Justice Lacy's opinion in *Walker v. Mason*, 257 Va. 65 (1999), explains the scope of the *Bowers* holding. When the jury's award is not identical to the amount sought, *Bowers* does not apply and one must look alternatively to the case-by-case analysis described by Justice Lacy.

*Bowers v. Sprouse* involved a car accident in which the defendant rear-ended the plaintiff resulting in injury to the plaintiff's back. The jury awarded the exact amount of medical bills and special damages to the plaintiff. The plaintiff filed a motion to set aside the verdict. The Virginia Supreme Court held:

> We are of the opinion that the jury's verdict for the exact amount of the plaintiff's medical and special damages is inadequate as a matter of law. The jury's verdict for the exact amount of the plaintiff's medical expenses and special damages indicates that although the jury found the plaintiff was injured and had incurred special damages, the jury, for whatever reason, failed to compensate her for any other items of damage. Certainly, at a minimum, this plaintiff experienced pain, suffering, and inconvenience as a result of the defendant's negligence and was entitled to compensation for these elements of damage.

*Id.* at 431. The holding in *Bowers* articulated a bright line test subject to much examination after its appearance. Many courts attempted to use *Bowers* as a means to overturn jury verdicts, but these attempts proved unsuccessful.

The alternative analysis, first articulated in *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987), and emphasized in *Walker v. Mason*, 257 Va. 65 (1999), depends upon the evidence presented at trial. Bradner suffered a blow to the head by Mitchell when Bradner and Mitchell's son became engaged in a heated argument. Mitchell struck Bradner with a piece of pipe rendering him unconscious. Bradner objected to the jury's verdict which only awarded him $42.65 more than his claimed special damages. The Court, in analyzing this award, compared three cases where the court set aside the jury verdict for inadequacy with three cases in which the court upheld the jury verdict. The Court found the distinguishing feature lay in the evidence. First, the Court discussed *Glass v. David Pender Grocery Co.*, 174 Va. 196, 5 S.E.2d 478 (1939); *DeWald v. King*, 233 Va. 140, 354 S.E.2d 60 (1987); and *Rome v. Kelly Springfield*, 217 Va. 943, 234 S.E.2d 277 (1977), in the context of

uncontroverted evidence. The Court suggested intervention when the evidence clearly proves special damages, and yet, the jury awards no compensation for such elements as pain, suffering, or disfigurement. The Court compared these cases to *May v. Leach*, 220 Va. 472, 260 S.E.2d 456 (1979); *Brown v. Huddleston*, 213 Va. 146, 191 S.E.2d 234 (1972); and *Doe v. West*, 222 Va. 440, 281 S.E.2d 850 (1981), in which the Court refused to set aside the juries' verdicts because the evidence presented at trial remained in controversy. The jury, in each case, had to make more of a judgment call. The Court concluded:

> The distinction between *Glass*, *Rome*, and *DeWald*, on one hand, and *Brown*, *May*, and *Doe*, on the other, lies in the differing quality of the plaintiff's evidence of special damages. Where that evidence is uncontroverted and so complete that no rational fact-finder could disregard it (as it was in *Glass*, *Rome*, and *DeWald*), it must be considered as a fixed, constituent part of the verdict. When the remainder of the award consists of an amount which appears to the court insufficient to compensate the plaintiff for such non-monetary elements of damages as pain, suffering, deformity, loss of working capacity, and the like, where such are proven, the verdict should be set aside as inadequate.
>
> On the other hand, where the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause, as was the evidence in *Brown*, *May*, and *Doe*, then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount *might* have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

*Id.* at 487-88. Based on the foregoing analysis, the Court classified Bradner's jury award under those where the evidence is uncontroverted and therefore set aside the jury's verdict and ordered a new trial on damages.

Since *Bowers*, several cases presented issues which could have extended the scope of its test. The Virginia Supreme Court addressed three cases in *Walker v. Mason*, 257 Va. 65 (1999), where the trial court set aside the jury verdict based upon the *Bowers* bright line. Justice Lacy echoed her dissent in

*Bowers.* She explained that an award for the exact amount of medical expenses and special damages shows the jury found the plaintiff injured, yet failed to compensate the plaintiff for any other damages. However, the holding in *Bowers* is limited to identical awards. The Court held the *Bowers* rule inapplicable to an award which could even be linked to an identifiable portion of the damages sought.

In *Walker v. Mason*, 257 Va. 65 (1999), Justice Lacy explained why the Court would reverse decisions based upon the *Bowers* test when the award and the amount of special damages claimed were not identical. In the first case, *Walker v. Mason*, Record No. 980345, the plaintiff claimed special damages in the amount of $4,431.00. The jury awarded the plaintiff $230.00, the exact amount of his emergency room bill. The Court reversed the lower court's decision to set aside the jury verdict, finding the record established controverted evidence. The plaintiff's doctor found no objective injuries except for plaintiff's complaints of pain in his neck, back, and knee. When the doctor referred the plaintiff to an orthopedic surgeon, he only met with the surgeon twice, missed some physical therapy sessions, and even played basketball during this time. The Court held:

> The record is susceptible to varying interpretations regarding the extent of the injuries and expenses proximately caused by the automobile accident and, therefore, we cannot say that the verdict was based on an unreasonable interpretation of the evidence or a failure to consider the elements of damages under the court's instructions.

*Id.* at 69.

In a similar case, *Williams v. Simmons*, Record No. 980568, the jury only awarded plaintiff an amount equal to her lost wages, although plaintiff claimed special damages for both medical bills and lost wages. Once again, the Court pointed to the conflicting evidence in the record. Immediately after the accident, the plaintiff went to a high school football game. She did not go to the emergency room until the day after the accident, and she worked as a child care provider for two weeks afterwards. It was not until her treatment under a certain doctor that she stopped working. The Court explained:

> [W]hile the jury necessarily accepted the plaintiff's version of the accident and defendant's negligence as a predicate for awarding any damages, the testimony regarding the seriousness of the injuries and the damages suffered by the plaintiff as a result of the accident was subject to conflicting interpretations … While one may speculate as

to the components of the damage amount awarded on this conflicting evidence, such speculation is not sufficient to warrant the conclusion, as a matter of law, that the jury did not consider all the elements of damages in reaching the amount of the verdict.

*Id.* at 70-71.

Finally, the Court explained *Walker v. Creasy*, Record No. 980254, where the jury exceeded the plaintiff's special damages claim by only $86.00. The Court cited *Dinwiddie v. Hamilton*, 201 Va. 348, 111 S.E.2d 275 (1959), for its reasoning behind its reversal of the trial court's decision:

[C]ompensation for pain and suffering is within the discretion of the jury and "no mere difference of opinion of the trial judge, however decided, will justify an interference with their verdict unless it appears from the record that the jury has been influenced by partiality or prejudice or have been misled by some mistaken view of the merits of the case."

*Id.* at 71 (citation omitted).

In the present case, instruction number 12, read to the jury at the conclusion of the evidence, "instructed" the jury to take four factors into consideration when determining its award. These factors included:

1. Any bodily injuries he sustained and their effect on his health according to their degree and probable duration;

2. Any physical pain and mental anguish he suffered and any that he may be reasonably expected to suffer in the future;

3. Any inconvenience caused and any that probably will be caused in the future;

4. Any medical expenses incurred and any that may be reasonably expected to occur in the future.

Plaintiff claimed $1,834.70 in medical expenses. The jury awarded him $1,835.00. The plaintiff argues this award is inadequate as a matter of law, the award only compensating plaintiff thirty cents more than his medical expenses.

The facts of this case render the *Bowers* test inapplicable. The jury award is not identical to the special damages and medical expenses claimed. Finding the *Bowers* test inapplicable, one must apply the alternative analysis discussed by Justice Lacy in her dissent in *Bowers*. Justice Lacy explained *Bradner* as an analysis based upon evidence adduced at trial and the controversy surrounding it. *Walker*, while limiting the scope of the *Bowers* test, also

analyzes cases with facts similar to the case at hand. The court refused to apply *Bowers* where the jury awarded an amount traceable to the plaintiff's emergency room bill. (*Walker*, Record No. 980345.) The court also held that the plaintiff failed to clearly prove the extent of injury where the defendant introduced evidence of the plaintiff playing basketball after the injury. Here, the evidence shows the plaintiff was surfing, horseback riding, and traveling after his injury. Furthermore, Dr. Gershon testified that the plaintiff was a self-referral contrary to the plaintiff's testimony that Dr. Moro referred the plaintiff to him. Also, the plaintiff did not complain of injury at the scene of the accident, nor did he seek medical attention immediately after the accident. Rather, he waited two or three weeks. The evidence produced in this case, like *Walker*, raises questions in regard to how badly the plaintiff was hurt and how much his injuries effected his lifestyle. The court accords great deference to a jury verdict, especially when reasonable minds could differ as to the result. Reasonable minds could differ when answering the questions of fact presented to the jury in regard to the plaintiff's injuries. Therefore, the Court will uphold the damage award given by the jury.