# CIRCUIT COURT OF FAIRFAX COUNTY

Molster

v.

Biederman

April 25, 2000

Case No. (Law) 180709

BY JUDGE JONATHAN C. THACHER

This matter came before the court on Plaintiff's Motion to Set Aside the Jury Verdict rendered on April 13, 2000, and for a New Trial on the Issue of Damages. Plaintiff argues that the verdict was insufficient as to damages and should be set aside. Plaintiff contends that the jury disregarded the instructions contained in Jury Instruction No. 13 and that the jury either disobeyed, misinterpreted, or otherwise ignored the instruction. For the reasons cited below, the Court does not agree with the Plaintiff that the jury verdict is inconsistent with the evidence and denies Plaintiff's request for a new trial on the issue of damages.

The Court finds *Walker v. Mason*, 257 Va. 65, 510 S.E.2d 734 (1999), controlling. In one of the three cases heard on appeal in *Walker, Williams v. Simmons*, Record No. 980568, the jury returned a verdict in the amount of the lost wage claim. The *Walker* Court stated that although the amount of the jury verdict was equivalent to the lost wage claimed, that did not of itself justify the inference that the jury did not consider all the elements of the damage instruction. *Id.* at 66. The Court went on to recognize that although the jury necessarily accepted the plaintiff's version of the accident and the defendant's negligence, the testimony regarding the seriousness of the plaintiff's injuries was subject to conflicting interpretations. Here, the facts are similar. The *Molster* jury awarded damages equivalent to the lost wage claim but was entitled to evaluate the evidence and award damages commensurate with the injuries it believed were caused by the negligence of the Defendant.

92

It would be incorrect and an abuse of discretion for this Court to conclude that the jury's verdict in this case was inadequate as a matter of law, and the motion for a new trial on the issue of damages is denied.