## CIRCUIT COURT OF THE CITY OF RICHMOND

Christie M. Able

   v.

William L. Fleming

April 26, 2000

Case No. LF-84-4

BY JUDGE RANDALL G. JOHNSON

The jury in this personal injury action returned a verdict in the amount of $830.94, which is exactly one-half of plaintiff's claimed special damages. In light of defendant's admitted liability and what seems to be a permanent, though not very large, scar on plaintiff's knee, the verdict is extremely low, and the court took under advisement plaintiff's motion to set it aside. It will not be.

The case involves an automobile accident that occurred on June 12, 1998. At the scene of the accident, plaintiff said she was "alright" and "fine." She did not know her knee was injured until someone told her it was bleeding. She also testified that the scar on her knee "does not bother" her now and that she hardly ever thinks about it. In fact, it is a small scar that is not very noticeable.

Plaintiff's special damages are made up of $1,493.88 in medical bills and $168 in lost wages. Of the total medical bills, $809.88 is for plaintiff's visit to the emergency room on the day of the accident, including $453.87 for x-rays. The remaining $684 is for follow-up treatment, including physical therapy. The $168 in lost wages is for four days missed from work. In light of the fact that plaintiff said she was alright at the scene of the accident, the jury may have concluded that she did not need to go to the emergency room or have any medical treatment at all and that she did not need to miss any time from work. The jury could have further concluded that $830.94 is sufficient compensation for the scar on her knee and whatever pain, mental anguish, and inconvenience she suffered. Or the verdict could be based on some other

combination of factors. As was said in *Walker v. Mason*, 257 Va. 65, 510 S.E.2d 734 (1999), in which the Supreme Court considered appeals from three separate cases in which trial courts had set aside jury verdicts for less than or just a little more than "specials":

> While one may speculate as to the components of the damage amount awarded on this conflicting evidence, such speculation is not sufficient to warrant the conclusion, as a matter of law, that the jury did not consider all the elements of damage in reaching the amount of its verdict.

257 Va. at 71. *See also Richardson v. Braxton-Bailey*, 257 Va. 61, 64, 510 S.E.2d 732 (1999) ("When the evidence permits a jury to conclude that only some of the damages claimed resulted from the accident, a verdict in an amount less than or approximating a portion of the special damages does not justify the conclusion that the jury failed to consider other damage elements such as pain, suffering, and inconvenience."). In *Richardson*, the Supreme Court reinstated a verdict of $3,265 on specials of approximately $7,200. In *Walker*, the Court reinstated verdicts of $2,700 on specials of approximately $2,786, $560 on specials of $1,386, and $230 on specials of $4,431.

As was said in *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987):

> [W]here the plaintiff's evidence of special damages is controverted, doubtful as to nature and extent, or subject to substantial question whether attributable to the defendant's wrong or to some other cause . . . then neither the trial court nor we, on appeal, can say that the plaintiff's special damages constituted any fixed part of the jury's verdict. In such a case, a rational fact-finder might properly find the plaintiff entitled to considerably less than the amount claimed as special damages, rendering it impossible for the court to determine what amount might have been awarded for pain, suffering, and other non-monetary factors. In such a case, the verdict cannot be disturbed on a claim of inadequacy.

234 Va. at 487-88 (citations omitted).

Here, the evidence is conflicting. Plaintiff said at the scene that she was not hurt. She said at trial that she was. She has a scar, but it "does not bother" her. While the court continues to believe that the verdict is extremely low, it cannot say as a matter of law that it is inadequate. It cannot be set aside on that basis.

The court also rejects plaintiff's argument that the verdict must be set aside because defense counsel brought out on recross-examination of the plaintiff that plaintiff had medical insurance. While such testimony is normally not permitted, plaintiff's counsel on redirect had asked plaintiff why she had stopped going to physical therapy before her scheduled period of treatment had ended, something testified to on cross-examination. Plaintiff responded that she did not have the money to pay for it. In light of that testimony, defendant had the right to show that plaintiff *did* have the money — through insurance — to pay for such treatment.

[The court will] enter judgment on the jury's verdict.