## CIRCUIT COURT OF THE CITY OF RICHMOND

Jocelynne DeCarmen Hawthorne

v.

Kenneth K. Myers,
a/k/a Kenneth Keith Myers

October 4, 2000

Case No. LC-3076-1

BY JUDGE MELVIN R. HUGHES, JR.

There was a trial of this personal injury automobile accident case with a jury on September 29, 2000. After the defendant admitted liability, the evidence was confined to the issue of damages. In that connection, the plaintiff submitted for the jury's consideration her testimony and that of her physician. The total amount of personal injury damages as shown on plaintiff's summary sheet exhibit amounted to $1,637.89 and lost wages $919.23 for a total of $2,557.12.

The evidence of the impact was a rear end collision while the plaintiff's vehicle in which she was riding as a passenger was stopped or stopping. Plaintiff's vehicle was second in a line of three vehicles preceded by a John Doe driver, who was a defendant with whom plaintiff had entered into a settlement before trial. When John Doe suddenly stopped short, plaintiff's driver stopped suddenly whereupon defendant hit plaintiff's vehicle in the rear. Although plaintiff described the impact as considerably forceful, defendant stated that it was somewhat low grade. When the jury returned its verdict, plaintiff moved to set it aside and award a new trial.

The court decides to deny the motion. As noted, there was a difference of opinion regarding the nature of the impact. The jury could properly consider that some but not all of the plaintiff's medical and other damages were due her. Under these circumstances, the case comes under the rules announced in *Walker v. Mason*, 257 Va. 65, 69 (1999), when the evidence is "susceptible

to varying interpretations regarding the extent of the injuries and expenses proximately caused by the automobile accident . . . ." There is no evidence that the jury's interpretation of the evidence was unreasonable or that it failed to consider the elements of damages in the instructions. *Id.* at 69. As *Walker* states, in cases where the jury returns less than all the damages claimed, the case is to be viewed under traditional rules regarding adequacy. There is no legal infirmity in the outcome when the evidence of the case is considered. Thus, the court will deny plaintiff's motion to set the verdict aside and award a new trial.

Because the plaintiff had previously entered into a covenant not to sue and release with John Doe, the co-defendant, for $1,000. Applying § 8.01-35.1, the judgment for plaintiff is 0 and thus judgment is entered for the defendant.[1] *See also Downer v. CSX,* 256 Va. 590 (1998).

## Order

On September 29, 2000, came the parties in person and by counsel, on plaintiff's Motion for Judgment, and the defendant having heretofore filed their Grounds of Defense herein, the issue is joined. Whereupon came also a jury, to wit Calvin Bagby, Sr., Annie Deloatch, Dawn Hampton, Cynthia Rothrock, Angela Bey, Rebekah Casner, and Wanda Randolph, who were sworn to well and truly try the issues joined, and a true verdict give according to the evidence and the law. The evidence of the plaintiff and defendant was presented. After receiving instructions from the court and hearing arguments of counsel, the jury retired to their room to consult of their verdict and after some time returned into Court with the following verdict:

> We, the jury, on the issues joined, find in favor of the plaintiff against the defendant and assess plaintiff's damages at $525.00.
> Foreman: Dawn Hampton
> Date: 9/29/00

Thereupon, plaintiff moved to set aside the jury's verdict, which motion was overruled for reasons stated in the court's letter to counsel. Objections were duly noted. It is ordered that judgment be entered in favor of the defendant for the reasons stated in the court's letter to counsel; that the plaintiff recover nothing of the defendant, and the defendant shall recover of

---

[1] The court is otherwise required to enter judgment for the defendant when less than $100 is due the plaintiff, according to Va. Code § 17.1-514.

the plaintiff his costs, if any, expended in plaintiff's suit. And nothing further remaining to be done herein, it is ordered that this cause be stricken from the docket and placed among the ended causes of this Court. It is so ordered.