## CIRCUIT COURT OF LOUDOUN COUNTY

Harding

v.

Meade

January 30, 2002

Case No. (Law) 24252

BY JUDGE THOMAS D. HORNE

In this personal injury case, plaintiff to seek to have the Court set aside the jury verdict in his favor, or, in the alternative, grant him additur. Va. Code Ann. §§ 8.01-383, 8.01-383.1. Plaintiff was injured when the vehicle he was driving was struck by defendant's car. The defendant conceded liability. Plaintiff introduced uncontroverted evidence of his special damages in the amount of $6,182.83. This amount included medical expenses of $5,407.03 and lost wages for one week of $775.00. Of the cost of medical care, $3950.83 was expended for an overnight stay on the evening following the accident at the Loudoun Hospital Center. The balance was expended for four office visits with treating physicians. Two of these visits were with an orthopedist, and the remainder with a neurologist. The jury award in this case was $6,882.83.

As the result of the accident, the plaintiff sustained a cardiac contusion, injury to the cervical spine, headaches, a decreased range of motion of the cervical spine, tenderness in the posterior cervical region and trapezia on both sides, tenderness in the rhomboids and upper back, and a disc herniation at C6-7. Following the accident, the plaintiff experienced stiffness and pain in his back, neck, and legs and a shortness of breath. After his overnight stay in the hospital for observation, he remained home for a week. During this time, he rested and took prescription medication. During this week, he began to experience headaches that he claims have persisted. He experienced difficulty in sleeping. While he is able to do physical tasks in connection with his work

as an electrician supervisor, he continues to experience headaches three or more times a week. At the time of the accident, he was earning $775.00 per week.

Neither physical therapy nor surgery has been prescribed by either of the physicians who treated the plaintiff following the accident. A MRI was done by the neurologist at the suggestion of the orthopedist. Although he was invited to return after seeing the physicians if necessary, the plaintiff declined to do so.

Based upon the evidence introduced in this case, the Court instructed the jury on the following elements of damage: (1) any bodily injuries Plaintiff sustained and their effect on his health according to their degree and probable duration; (2) any physical pain and mental anguish he suffered in the past; (3) any earnings he lost because he was unable to work at his calling; (4) any inconvenience caused in the past; and (5) any medical expenses incurred in the past.

Special damages have been proven as to elements 3 and 5. Therefore, the Court must determine whether the $700.00 award covering items 1, 2, and 4 is so deficient, as a matter of law, to cause this Court to set aside the jury verdict and grant either a new trial on the issue of damages or additur. The Court is of the opinion that it is not and that this Court should deny plaintiff's motion and enter judgment in accordance with the jury verdict.

The Court may set aside the verdict of the jury should it determine that "it is contrary to the evidence or without evidence to support it." Va. Code Ann. § 8.01-430. As applied to damage awards, it has been held that:

> in personal injury cases, where the action merely sounds in damages and where there is no rule for measuring damages, the amount to be awarded is left largely to the discretion of the jury. The verdict of the jury, arrived at upon competent evidence and controlled by proper instructions, in an impartially conducted trial, has always been held inviolate against disturbance by the courts. . . . But this is not to say that the verdict of a jury is not subject to the control of the courts.

*Smithey v. Refining Co.*, 203 Va. 142, 145, 146 (1961).

A trial court may set aside an award of damages should it determine: (1) that it was influenced by corruption, passion, or prejudice; (2) was the product of a misconception or misunderstanding of the law or facts; or (3) was so out of proportion to the injury suffered as to suggest that it was not the product of a fair or impartial decision. *Id.* at 146. It is, "the quality of the evidence that is dispositive, not a comparison between the amount of the verdict and the special damages claimed." *Richardson v. Braxton-Bailey*, 257 Va. 61, 64 (1999).

In this case, it is clear that the jury considered the elements of damage. This is evident in the question they posed to the court with respect to "guidelines" concerning pain and suffering.

The jury could fairly weigh the evidence and arrive at the damage award in this case. They had before them evidence that would contradict arguments for a greater award. His hospital stay was overnight and for observation purposes only. This stay constituted a large portion of the special damages claimed. He had only four office visits with physicians as a result of the accident and did not engage in physical therapy or other follow-up treatment regimen. There was testimony that his injuries would be resolved in from six to twelve months. He was able to return to full time work within a week of the accident. The jury could fairly evaluate the plaintiff's subjective complaints of pain.

Thus, the jury might have reasonably concluded that (1) the bodily injuries sustained were short term; (2) his claims of pain were not significant; and (3) the injuries did not significantly inconvenience him. It is not for this Court to substitute its judgment for that of the jury where reasonable minds might differ over conclusions to be drawn from the evidence.

Accordingly, the Court will deny the motion of the plaintiff and enter judgment in accordance with the jury verdict.