PRESENT: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., Carrico,[1] S.J.

CLAYTON LEE SHEPHERD

v.  Record No. 021148

SAMANTHA SMITH

OPINION BY
JUSTICE DONALD W. LEMONS
February 28, 2003

FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
Harry T. Taliaferro, III, Judge

In this appeal, we consider whether the trial court erred by granting the defendant's motion to set aside a plaintiff's verdict on the ground that the verdict was inadequate as a matter of law because it was less than the plaintiff's uncontroverted special damages.

I.    Facts and Proceedings Below

On July 20, 2000, Clayton Lee Shepherd ("Shepherd") filed a motion for judgment in the Circuit Court of Westmoreland County alleging that on September 11, 1999 he was struck and injured by an automobile driven by Samantha Smith ("Smith") as he walked down McKiney Boulevard in Colonial Beach, Virginia.  Shepherd claimed $750,000 in damages, including approximately $85,000 in medical expenses and $40,000 in lost wages.  In her grounds of defense, Smith denied negligence and asserted that Shepherd was contributorily negligent "and/or assumed the risk of his

---

[1]Chief Justice Carrico presided and participated in the hearing and decision of this case prior to the effective date of his retirement on January 31, 2003.

injuries." Upon the evidence presented, the jury returned a verdict in Shepherd's favor in the amount of $65,000.

In post-verdict motions, Smith moved to set aside the jury verdict and argued that "as a matter of law, a verdict less than the uncontroverted special damages must be set aside." Additionally, Smith moved to strike plaintiff's evidence and enter judgment for Smith. In response, Shepherd maintained that the evidence was sufficient to support the jury's verdict that Smith was negligent and that Shepherd was not guilty of contributory negligence, and further asserted that a "defendant lacks standing to object" to the inadequacy of a verdict in favor of the plaintiff.

The trial court's order of August 3, 2001[2] stated:

> Upon the finding that there was evidence to support a verdict for either party, that the jury's verdict was inadequate as a matter of law, and that defendant has standing to complain about the inadequacy of the verdict, it is ORDERED that the jury's verdict rendered May 1, 2001 is set aside as inadequate as a matter of law; it is further ORDERED that a new trial will be held on all issues; and it is finally ORDERED that defendant's motion to strike plaintiff's evidence is denied.

At the subsequent retrial, a jury returned a defense verdict and awarded nothing to Shepherd. Shepherd appeals the

---

[2] The Honorable Joseph E. Spruill, Jr. presided over the first trial and ordered that the jury's verdict be set aside and that a new trial be held. The Honorable Harry T. Taliaferro, III, presided over the second trial.

adverse judgment of the trial court and assigns error as follows:

> The trial court erred by setting aside a jury verdict for an amount less than the special damages upon the motion of the defendant. The defendant lacks standing and authority to object to a verdict of less than the special damages and did not establish the basis for a verdict of less than the special damages. Only the plaintiff may raise such an issue.

## II. Analysis

At the outset, it is important to state what this case does not involve. The issue before the Court does not affect in any manner our jurisprudence concerning a plaintiff's request to set aside a jury verdict upon allegations that it is inadequate as a matter of law, nor does this case involve an assertion that the amount of the damages award shows that the award was the product of misapplication of the law. This case involves the narrow question whether a defendant can challenge a jury's verdict for a plaintiff on the sole grounds that it is inadequate as a matter of law. Both parties focus primarily upon two opinions of this Court, Miles v. Rose, 162 Va. 572, 175 S.E. 230 (1934), and Short v. Long, 197 Va. 104, 87 S.E.2d 776 (1955), in support of their contentions.

The case of Miles v. Rose involved consolidation of two related personal injury actions. R. L. Miles, Jr. ("Miles") was the driver of one motor vehicle that collided with another motor

vehicle operated by T. E. Denton ("Denton").  Franklin H. Rose and Harold Hodges were Denton's passengers at the time of the collision.  The passengers each brought suit against Miles and Denton for their personal injuries arising out of the collision.  Although service was obtained upon Denton, Denton filed no responsive pleadings and did not participate in the trial of either case.  Miles filed responsive pleadings denying negligence on his part and pleading contributory negligence of the plaintiff in each case.  Additionally, we characterized Miles' pleadings as "inferentially" pleading that Denton was guilty of the negligence which proximately caused the accident.  The two cases were tried by the same jury upon the same evidence and upon the same instructions.  We observed that the cases were tried against Miles only, not Denton.  Miles, 162 Va. at 575-80, 175 S.E. at 231-33.

Instructions were given to the jury on the subject of joint enterprise, imputable negligence, and contributory negligence.  Id. at 581-82, 175 S.E. at 233-34.  Although we noted that plaintiffs were entitled to judgment by default against Denton, he was not present at trial and did not participate in the proceedings.  Id. at 592, 175 S.E. at 238.  Nonetheless, Denton's "presence" and the issue of his potential negligence permeated the trial.  For example, the trial court instructed the jury that

4

> if they believe from the evidence that defendant R. L. Miles, Jr., was guilty of negligence which was a proximate cause of the accident, yet, if they further believe from the evidence that the driver of the Denton car was likewise guilty of negligence contributing to the accident, and that at the time thereof the plaintiff and said driver were using the automobile for their mutual pleasure and advantage, and were engaged in a joint enterprise, then any negligence of the driver is imputable to the plaintiffs, and if it in the slightest degree contributed to the accident and injuries to the plaintiff, or either of them, such one cannot recover of the defendant R. L. Miles, Jr.

Id. at 582, 175 S.E. at 234.

Additionally, the court instructed the jury "that if they believe from the evidence that the proximate cause of the injury suffered by these plaintiffs was solely due to the negligence of the driver of the car in which they were riding, then they should find for the defendant, R. L. Miles, Jr."  Id. at 581–82, 175 S.E. at 234.  Miles objected to the last instruction alleging that it was misleading the jury by "inferentially" excluding other theories upon which a defense verdict could be rendered.  Id. at 582, 175 S.E. at 234.  Upon consideration of the evidence, the jury rendered a verdict of $750 in favor of Hodges against Miles and $750 in favor of Rose against Miles. Id. at 583, 175 S.E. at 234.

Miles appealed and maintained, among other assignments of error, that the trial court erred by refusing to set aside the verdict in favor of each plaintiff because "the smallness of the

5

verdicts in these cases indicates either (1) that 'the jury recognized that the plaintiffs were not entitled to any recovery against Miles' or (2) that the jury applied the doctrine of comparative negligence . . . ." Id. at 595, 175 S.E. at 240. Considering whether the defendant could request the trial court to set aside a verdict and order a new trial because of an inadequate verdict to the plaintiff, we stated:

> The general rule is that in a personal injury case a verdict against a defendant will not be set aside on his motion on the ground that the damages awarded are less than the plaintiff was entitled to on the evidence. The rationale of the rule is that the defendant could not have been damaged by such a verdict.

Id. at 595-96, 175 S.E. at 240.

However, the unusual circumstances presented by the case justified an exception to the general rule, and we stated the following:

> When, as here, A and B are sued jointly for personal injuries alleged to have been caused by their independent but concurring negligence, and the great preponderance of the evidence tends to show that A was, and B was not, guilty of negligence which was a proximate cause of the injuries, if the jury returns a verdict against B alone for a sum plainly greatly less than would appear to be a reasonable compensation for the injuries which the uncontradicted evidence shows the plaintiff suffered, the smallness of the verdict casts serious suspicion on the integrity of the finding by the jury that B was liable. Particularly is this true where, as in this case, the plaintiff's counsel in his argument invited and urged the jury to exculpate A and fix the whole blame on B for the manifest purpose of

6

escaping the possible imputation of A's negligence to his client.

Id. at 596, 175 S.E. at 240.

We considered the issue again in the case of Short v. Long. This case involved a collision between an automobile and a truck wherein the driver of the automobile sued for personal injuries. The truck driver denied negligence, asserted contributory negligence, and counter-claimed for his own personal injuries and property damage to his truck. The jury denied a recovery to the plaintiff, Short, and awarded the defendant, Long, $400 in damages on his counter-claim. Short, 197 Va. at 105, 87 S.E.2d at 777.

Among other assignments of error, Short argued that the trial court erred by not setting aside the verdict and granting a new trial because

> [t]he verdict of $400 is so inadequate and disproportionate to the damages proved by Long as to show that the jury ignored the court's instructions and did not make a finding upon the issue of whose negligence caused the collision but undertook to apportion the damages between the parties without consideration of liability.

Id. We stated that there was "credible evidence to support either litigant's version" of how the collision occurred and further stated that it was within the jury's province to determine the question of each party's negligence. Id. at 109, 87 S.E.2d at 780. Upon the question whether Short could

7

complain of an inadequate verdict in favor of Long, we cited Miles for the general rule and further stated that in Miles "there were unusual circumstances that prompted the Court" to create the exception to the general rule.  Id. at 110, 87 S.E.2d at 780.  Finding no such "unusual circumstances," we affirmed the judgment in favor of Long.  Id. at 111, 87 S.E.2d at 780.

In the case before us, it is readily apparent that the trial court, upon the urging of Smith, transmuted the narrow exception recognized in Miles into a general rule.  In doing so, the trial court erred.

Smith cites a series of cases which she contends support her position that a defendant has the right to have a verdict set aside and a new trial ordered when a plaintiff's verdict is inadequate.[3]  What Smith fails to recognize is that each of the cases cited involves a plaintiff's request to set aside a plaintiff's verdict on the grounds that it was inadequate.  None of the cases remotely stands for the proposition that a defendant may complain of a plaintiff's inadequate jury award.

Today, we reiterate that absent unusual circumstances such as those we found in Miles, in an ordinary and usual action in tort, the trial court may not set aside a verdict and order a

---

[3] Walker v. Mason, 257 Va. 65, 510 S.E.2d 734 (1999); Bowers v. Sprouse, 254 Va. 428, 492 S.E.2d 637 (1997); Bradner v. Mitchell, 234 Va. 483, 362 S.E.2d 718 (1987); Rawle v. McIlhenny, 163 Va. 735, 177 S.E. 214 (1934).

new trial based upon a motion by the defendant claiming that the verdict for the plaintiff was inadequate.  Accordingly, we will reverse the judgment order dated March 29, 2002 rendering judgment in favor of Smith and enter final judgment upon the first jury verdict in favor of Shepherd in the amount of $65,000 with costs and interest from May 1, 2001.

<u>Reversed and final judgment</u>.

9