## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Heather Danielle Mix

v.

Sherry Richards Stallard

February 10, 2004

Case No. CL02-275

BY JUDGE WILLIAM H. LEDBETTER, JR.

In this personal injury case, the plaintiff asks the court to set aside the jury verdict as inadequate.

*Background*

This litigation resulted from an automobile accident that occurred on Robert E. Lee Drive in Spotsylvania County. The plaintiff, Mix, suffered injuries, particularly to her left ankle. Before trial, the defendant, Stallard, admitted liability, and the case was tried with a jury on the issue of damages alone.

Mix introduced medical expenses totaling $8,549.00. There were no lost wages. She offered the testimony (by video deposition) of Dr. Timothy J. Zimmer, a Richmond orthopedic surgeon, who performed an arthroscopic procedure on her ankle sixteen months after the accident. Her parents and boyfriend also testified and, of course, she testified. Stallard offered no witnesses.

The jury returned a verdict of $1,802.05. Mix moved to set the verdict aside on the ground that it is inadequate as a matter of law. The parties agreed to submit memoranda, and the court withheld entry of judgment. The parties have now submitted memoranda, and this opinion addresses Mix's motion.

*Analysis*

In *Bowers v. Sprouse*, 254 Va. 428, 492 S.E.2d 637 (1997), the Supreme Court held that a jury verdict for the exact amount of the plaintiff's special damages (i.e., items such as medical bills and lost wages) is "inadequate as a matter of law" irrespective of whether those damages are controverted. Such a verdict, the Court noted, "indicates that although the jury found the plaintiff was injured and had incurred special damages, [it] failed to compensate her for any other items of damage."

To many, *Bowers* signaled a mini-revolution in the way Virginia jury verdicts were to be viewed in civil cases. Trial courts across the Commonwealth were asked to set aside verdicts that were the same as, less than, or only slightly in excess of the special damages. That notion was put to rest less than two years later in *Richardson v. Braxton-Bailey*, 257 Va. 61, 510 S.E.2d 732 (1999), and *Walker v. Mason*, 257 Va. 65, 510 S.E.2d 734 (1999).

*Richardson* and *Walker* involved a quartet of cases. In each case, the trial judge had set aside the jury verdict as inadequate. In *Richardson*, the plaintiff's medicals and other special damages approximated $7,200.00. The jury awarded the plaintiff $3,265.00. In *Walker*, the first plaintiff claimed special damages of $4,431.00. The jury awarded $230.00, the amount of the emergency room bill. The second plaintiff claimed $1,386.00 in special damages. The jury verdict was for $560.00, the amount of the lost wage claim. The third plaintiff recovered $2,700.00, only $86.00 more than the special damages claimed. The Supreme Court reversed all of the trial court judgments and reinstated the jury verdicts.

The 1999 opinions were written by Justice Lacy, who had dissented in *Bowers*. In *Walker*, the Court specifically held that the rule in *Bowers* is limited "to those factual situations in which the jury verdict is identical to the full amount of the special damages. The rationale underlying the rule does not extend to an award which deviates from the amount of all the special damages claimed, even if the amount of the verdict corresponds to an identical portion of the special damages."

In summary, the Court concluded that when the jury verdict is not in the exact amount of all the special damages claimed, *Bowers* is not applicable, and the trial court should review the evidence under traditional principles relating to the adequacy of jury verdicts stated in *Bradner v. Mitchell*, 234 Va. 483, 362 S.E.2d 718 (1987).

The Court reiterated three familiar principles: (1) the amount of a verdict is within the jury's discretion and, when arrived at upon competent and proper instructions, is inviolate; (2) when evaluating the amount of a verdict,

all reasonable inferences must be drawn in favor of the verdict; and (3) if, based on the evidence, the jury could believe that only a portion of the damages claimed were reasonably related to the accident, the verdict cannot be set aside as inadequate as a matter of law.

Here, it appears that the amount of the jury verdict equals the amount of Mix's medical expenses through September 27, 2001, when she discontinued physical therapy. Assuming the accuracy of that observation, *Walker* nevertheless dictates that the verdict cannot be set aside. Also, assuming the accuracy of that observation, the jury's decision has a basis in the evidence and the instructions. The instructions are not in dispute. Although Stallard presented no independent evidence, she emphasized throughout the trial, including cross-examinations of Dr. Zimmer and Mix, that Mix did not complete her physical therapy and, therefore, failed to properly mitigate her damages. Thus, the jury reasonably could conclude that her later expenses were not necessary or proper.

## Decision

Pursuant to the principle in *Walker* and its companion cases, and reviewing the verdict under the traditional principles applicable to jury verdicts, the court is of the opinion that the motion to set aside the verdict must be denied.