## CIRCUIT COURT OF FAIRFAX COUNTY

Nguyen

v.

Peters

December 16, 2009

Case No. CL-2008-16324

By Judge Jane Marum Roush

The plaintiff has moved the court for a new trial, limited to the issue of damages. That motion will be denied, for the following reasons.

The plaintiff Nguyen complains that the defendant Peters negligently allowed her dogs to run loose, with the result that the dogs knocked over the plaintiff in her driveway and injured her. After a two-day trial, the court instructed the jury that the defendant was negligent as a matter of law. The issues of proximate cause and damages were submitted to the jury. The jury returned a verdict of. $30,000 in favor of the plaintiff. That amount was $2,532 greater than the plaintiff's special damages of $27,468. The plaintiff argues that the damages awarded were inadequate as a matter of law.

In *Bowers v. Sprouse*, 254 Va. 428, 492 S.E.2d 637 (1997), the Virginia Supreme Court held that a jury verdict in the exact amount of the plaintiff's special damages was inadequate as a matter of law. In *Walker v. Mason*, 257 Va. 65, 510 S.E.2d 734 (1999), the Supreme Court clarified that the rule of *Bowers* did not require a jury verdict that exceeded the plaintiff's special damages by $86 to be set aside on the grounds that the damages were inadequate as a matter of law. In so holding, the court reasoned that:

> [C]ompensation for pain and suffering is within the discretion of the jury and "no mere difference of opinion of the trial judge, however decided, will justify an interference with their verdict, unless it appears from the record that the jury has been influenced by partiality or prejudice, or have been misled by some mistaken view of the merits of the case."

257 Va. at 71, *quoting Dinwiddie v. Hamilton*, 201 Va. 348, 352, 111 S.E.2d 275 (1959).

As with *Walker* and *Dinwiddie*, there is nothing in this case to suggest that the jury's verdict was the result of improper influence or a mistaken view of the merits of the case. The court does not sit as an eighth juror and cannot substitute its judgment of what would be a fair verdict for the plaintiff for the jury's unanimous decision on the issue of compensation.

In addition, in her motion for a new trial, the plaintiff asks this court to revisit its ruling that plaintiff's experts would not be allowed to testify to the permanency of the plaintiffs injuries because that opinion had not been disclosed to the defendant in discovery or in the plaintiff's designation of her expert witnesses' opinions. The court declines to reconsider that ruling for the reasons stated at the hearing on November 6, 2009. *See also John Crane, Inc. v. Jones*, 274 Va. 581, 650 S.E.2d 851 (2007).