# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Anglin

v.

McCann

April 5, 2011

Case No. 09-168

BY JUDGE EDWARD L. HOGSHIRE

On October 28, 2010, this personal injury action was tried before a jury on the issue of damages alone. Following the presentation of evidence, the jury returned a verdict in the amount of $1,000.00, a sum less than an uncontested emergency room visit and a subsequent appointment with a primary care physician. Plaintiff asserts that the jury's verdict is insufficient and moves for a new trial. Upon consideration of the record, along with counsel's arguments and supporting briefs and in view of relevant legal authorities, the Court finds that the jury's verdict was sufficient and will not set it aside.

*Issue*

Whether the jury's award of $1,000.00 is inadequate as a matter of law when the Plaintiff has introduced medical bills of at least $1,171.60.

*Statement of the Facts*

This claim arose from an automotive accident that occurred on June 10, 2008, in which the car driven by Plaintiff Anglin was struck while she was waiting at a traffic light. Plaintiff alleges that Defendant McCann

negligently struck her vehicle and caused injury to her shoulder and knee. Following the collision, Anglin was transported to the Emergency Room ("ER") at UVA Hospital, where she was examined for a shoulder injury. The total charges incurred during that preliminary visit, including radiology and prescription charges, amounted to $1,067.60. (Pl.'s Ex. 1 at T.1, T.2.) Plaintiff followed up with her primary physician, Dr. John Davidson, on June 19, 2008, to address pain in her left knee. (Trial Tr. 35:8-19, Oct. 28, 2010.) Dr. Davidson's fee for that visit was $104.00. (Pl.'s Ex. 1 at T.2.) All additional medical expenses above the $1,171.60 connected with the ER and primary physician visits were related to her knee injury and subsequent surgery. (Pl.'s Ex. 1.)

Liability having been conceded, Anglin sought compensation for injuries to her shoulder and her knee, allegedly caused by Defendant's negligence, along with compensation for lost wages and pain and suffering. Plaintiff presented evidence of $11,797 in medical expenses that she claims were related to and caused by the collision. (Pl.'s Ex. 1.) Both parties deposed medical experts, whose testimony was read at trial. Although Defendant's own expert, Dr. Andrews, stated that the collision caused Ms. Anglin "to have a strain-sprain of her neck and shoulders, and a sprain, or contusion of her left knee" (Andrews Dep. 10:19–24, Sept. 27, 2010; Trial Tr. 70.), Defendant's evidence at trial was principally addressed at the cause or existence of injuries sustained in the accident necessitating visits to the ER and her primary care physician, as well as costs connected with Anglin's knee surgery, none of which were incurred during her ER visit on the date of the accident. Defendant's counsel, in his closing arguments, did concede that it was reasonable to go to the doctor after a car accident: "You know, okay, go get checked out. Go to your doctor or whatever. But you cannot blame everything that is going on in your life thereafter on something like this." (Trial Tr. 111:24–25, 112:1–4.)

After the jury returned a verdict in favor of Plaintiff in the amount of $1,000.00, Plaintiff filed a Motion for a New Trial. Plaintiff argues that the medical expenses from the ER and initial doctor's visit were uncontroverted and proven at trial, thus requiring the Court to set aside the jury's award of $1,000.00 as inadequate as a matter of law. (Mtn. for New Tr. ¶¶ 4-6.) Defendant argues that she never conceded that both the ER and doctor visits were reasonable and justified and argued throughout the case that Plaintiff's injuries, and thus the subsequent medical expenses, were not causally related to the accident. (Mem. in Opp. to Pl.'s Mtn. for New Tr. ¶¶ 4, 8, 10-11.)

*Discussion*

Jury awards that exactly duplicate a plaintiff's medical costs are presumptively invalid. In Virginia, an award "in a personal injury action which compensates a plaintiff for the exact amount of the plaintiff's medical expenses and other special damages is inadequate as a matter of law, irrespective of whether those damages were controverted." *Bowers v. Sprouse*, 254 Va. 428, 431, 492 S.E.2d 637, 639 (1997). The Court held that any finding of physical damages must also include a finding for the plaintiff of the other elements charged, such as pain, suffering, and inconvenience. *Id.* However, the narrow bright-line rule of *Bowers* is inapposite where the award is not exactly equivalent to the full amount of the special damages, nor is it applicable where it matches an identifiable portion of the special damages. *Walker v. Mason*, 257 Va. 65, 68, 510 S.E.2d 734, 735 (1999). Here, the jury's award is not identical to the total amount of special damages claimed at trial. As such, the rule of *Bowers* does not apply and the award must instead be reviewed "under traditional principles relating to the adequacy of jury verdicts." *Id.* at 72, 510 S.E.2d at 737.

As the Virginia Supreme Court set forth in *Richardson v. Braxton-Bailey*, the Court should be mindful of the following principles in deciding whether to set aside a jury verdict:

> (1) the amount of a verdict is within the jury's discretion, and when arrived at upon competent and proper instructions, is inviolate . . . (2) when evaluating the amount of the jury verdict, all reasonable inferences must be drawn in favor of the verdict rendered . . . and (3) if, based on the evidence, the jury was entitled to believe that only a portion of the damages claimed were reasonably related to the accident, then the verdict cannot be set aside by the trial court as inadequate as a matter of law.

257 Va. 61, 63, 510 S.E.2d 732, 732–33 (1999) (internal citations omitted). Further, it is a well-settled rule that compensation for such things as pain and suffering is soundly within the discretion of the jury. *Dinwiddie v. Hamilton*, 201 Va. 348, 111 S.E.2d 275 (1959); *Walker*, 257 Va. at 71, 510 S.E.2d at 737. A jury's award may not be set aside for inadequacy unless it is so small "as to shock the conscience and to create the impression that the jury has been influenced by passion or prejudice or has in some way misconceived or misinterpreted the facts." *Downer v. CSX Transportation, Inc.*, 256 Va. 590, 594, 507 S.E.2d 612, 614 (1998). However, if a plaintiff's evidence of special damages "is uncontroverted and so complete that no rational fact-finder could disregard it," the Court must regard the proved

special damages as a "fixed and constituent part of the verdict." *Bradner v. Mitchell*, 234 Va. 483, 490, 362 S.E.2d 718, 722 (1987).

The Plaintiff argues that the amount of damages for the ER and doctor visits, $1,171.60, were uncontroverted and because the jury's verdict should have included this amount, the $1,000.00 verdict was so small as to shock the conscience. (Mtn. for New Tr. ¶¶ 8, 10.) Although Plaintiff is correct that the Defendant never challenged the accuracy of the amounts paid by Plaintiff for these visits, Defendant's entire case was based on the theory that these visits were not necessary nor causally related to the accident. (*See, e.g.*, Trial Tr. 109:10-111-3.) Therefore, these amounts paid by Plaintiff were not uncontested, as Defendant claims. However, the Court acknowledges that defense counsel's statement that it was reasonable to "go to your doctor" to get checked out after a car accident was a concession by Defendant that the primary care physician visit was reasonable and justified. Therefore, the $104.00 amount paid by Plaintiff to her physician was an uncontroverted amount, and the verdict must have included this cost.

It is clear that the jury found a compensable injury and awarded damages. The Supreme Court, in addressing the amounts awarded to a plaintiff, has been very clear that the bright line rule of *Bowers* does not apply where the amount awarded is less than the total amount of special damages sought, even if it is for an amount that corresponds with a portion of the damages sought. *Walker*, 257 Va. 65, 510 S.E.2d 734. Where a jury's verdict is not identical to the special damages sought but where it is reasonable to infer that the jury gave an award for at least some damages permitted by the court, the jury verdict should not be overruled.

Further, a jury may consider all claims for damages and decide which are reasonably related to the accident and thereby worthy of compensation. *Richardson v. Braxton-Bailey*, 257 Va. 61, 63, 510 S.E.2d 732, 732–33 (1999). It is reasonable to assume that the jury awarded damages to Plaintiff based on the primary care physician visit alone, as well as pain and suffering. It is notable that the Plaintiff does not challenge the verdict in comparison to the amount originally sought for her knee surgery: Plaintiff implicitly recognizes that juries may grant damages for some types of medical expenses but not others. The amount awarded by the jury, considering all claims for damages presented to the jury, is not so small as to shock the conscience. Therefore, because the verdict does not shock this Court's conscience, because there is nothing in the record to conclude that the verdict was the result of improper influence or prejudice or a mistaken view of the merits and because juries are entitled to believe that only a "portion of the damages claimed were reasonably related to the accident," the verdict will not be set aside as inadequate as a matter of law. *Id.*

For the reasons set forth above, the Court finds that the jury's verdict was not insufficient as a matter of law.